## TABOR v. TABOR.

(Supreme Court, Special Term, Kings County.   February 13, 1913.)

1. Divorce (§ 37*)—Separation—Grounds—"Abandonment."

There is an abandonment, within Code Civ. Proc. § 1762, subd. 3, authorizing action for separation, where a husband ceases living with his wife and expresses a fixed determination not to resume living with her, her consent thereto, or conduct justifying his withdrawal, being absent, though he continues to provide for her support.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 107–132; Dec. Dig. § 37.*

For other definitions, see Words and Phrases, vol. 1, pp. 4–13; vol. 8, p. 7559.]

2. Divorce (§§ 214, 226*)—Temporary Alimony—Allowance.

Allowance of alimony and counsel fees pendente lite, which Code Civ. Proc. § 1769, provides for "having regard to the circumstances of the respective parties," may be on affidavits; they disclosing sufficient facts for the court to act advisedly in fixing the amounts.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 626–631, 651, 652; Dec. Dig. §§ 214, 226.*]

Action by Nellie J. Tabor against Clarence H. Tabor.   Heard on motion for alimony and counsel fees.   Allowance ordered.

George R. Walker, of New York City, for plaintiff.
George C. Case, of Brooklyn, for defendant.

BENEDICT, J.   This is a motion for alimony pendente lite and for counsel fee in an action for separation brought by the wife against the husband on account of his alleged cruel and inhuman treatment, abandonment, and failure to support and maintain her.   The specific acts set forth in the complaint and in the moving affidavits would, if established upon the trial, entitle the plaintiff to a decree of separation.   The plaintiff alleges inter alia facts tending to support her claim that the defendant is not only willing but desirous, for reasons assigned, to terminate the marriage relation, although she herself has endeavored to bring about a reconciliation.

The defendant in his answer (paragraph 2) and in his answering affidavits furnishes ample evidence that this statement is true.   By his answer he admits that he has left plaintiff and does not intend to return to her, and in his affidavit he shows that he is convinced that it is impossible for the plaintiff and himself to live together, and wishes the "issue made simple and plain" and to have the "cause settled at the earliest possible moment."

The impression made on my mind by reading the affidavits submitted is that the defendant's entire course of conduct resulting in the several acts of cruelty and flagrant disregard of his marital obligations disclosed by the papers has been prompted by his wish to sever the marriage tie, with some ulterior object in view; and this, without any serious or reasonable cause for complaint on his part against the plaintiff.   I say this is the impression made on me by the affidavits submitted by both parties, and it is on these affidavits that I must decide

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this motion, without in any degree prejudging the case on its merits, as they will be disclosed upon the trial.

[1] As to the merits of the present application, it seems clearly to come within the rule that, where a husband ceases living with his wife and expresses a fixed determination not to resume living with her, and there is an absence of consent on her part to such separate living and of conduct on her part justifying the husband's withdrawal, there is an "abandonment" within the meaning of the Civil Code, § 1762, subd. 3, notwithstanding the husband continues to provide for the wife's support; and she may maintain an action against him to procure judgment separating her from his bed and board. Clearman v. Clearman (Sup.) 2 N. Y. Supp. 356, following Magrath v. Magrath, 103 Mass. 577, 579, 4 Am. Rep. 579. See, also, Ahrenfeldt v. Ahrenfeldt, Hoff. Ch. 47.

[2] The amount of alimony and counsel fee to be awarded to the plaintiff is the subject of dispute, based upon the financial condition of the parties. I do not believe it necessary to involve the defendant in the costs of a reference as to his property. The affidavits disclose sufficient facts upon which the court can act advisedly in fixing these amounts "having regard to the circumstances of the respective parties," as required by section 1769 of the Code of Civil Procedure.

I shall allow the plaintiff temporary alimony to begin as of January 23, 1913, at the rate of $30 a week until the trial or further order herein so long as the defendant permits the plaintiff the free and full use of the house 33 Linden avenue, Brooklyn. If she be deprived in any manner of the use of that house, application at the foot of this order may be made to me, upon notice of reargument and proof of that fact, for an increased allowance. I also allow to her as counsel fee and expenses to enable her to carry on the action the sum of $300, payable as follows: $150 on February 20, 1913, and $150 at the opening of the trial. Settle order on notice.