Nellie C. Doty, Appellant, *v.* Rensselaer County Mutual Fire Insurance Company and Job Doty, Respondents.

Third Department, January 5, 1921.

Husband and wife — action by wife on theory that insurance money on house maintained for her by her husband after abandonment should be used for rebuilding — admissibility of verbal agreement by husband for maintenance and support of plaintiff — specific performance of said agreement — wife not bound to live in one of several houses designated by husband.

In an action by a wife upon the theory that after the house in which she had lived for twelve years was destroyed, the insurance money from it should be taken for rebuilding, it appeared that the plaintiff's husband, who had permanently abandoned her, without cause, continued to pay for necessary provisions purchased by her, and also paid the taxes and insurance upon the property. The plaintiff improved the premises from time to time and continued to live in the house until it was destroyed by fire.

*Held*, that it was error for the court to exclude evidence of a verbal agreement between the plaintiff and her husband under which she continued to live in the house, to the effect that he would provide a home for her by giving her the use of the house and grounds during her natural life and pay for her maintenance and support, on the theory that there was not such a part performance of the oral agreement as would justify a specific performance thereof.

The plaintiff having forborne for many years to maintain an action for separation, and having forgiven her husband his desertion, and managed and cared for the property as her own, was entitled to the protection of the court and the specific performance of the agreement between them.

The wife was not bound to live in one of four houses designated by her husband as that was not according to her marital rights.

H. T. Kellogg and Kiley, JJ., dissent.

Appeal by the plaintiff, Nellie C. Doty, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Rensselaer on the 22d day of January, 1920, upon the dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Thomas F. Galvin*, for the appellant.

*Northrup R. Holmes* [*Thomas S. Fagan* of counsel], for the respondent Rensselaer County Mutual Fire Insurance Company.

*Thomas S. Fagan*, for the respondent Job Doty.

John M. Kellogg, P. J.:

This case was before us on the pleadings in 188 Appellate Division, 29. The plaintiff and her husband had resided for eighteen years at Melrose in a house owned by him, when he without cause, on February 1, 1906, permanently abandoned her and took up his residence with his mother on the opposite side of the street. She obtained necessary provisions where they had formerly obtained them and he paid therefor. He paid the taxes and insurance upon the property. She, from time to time, improved the grounds by planting trees and shrubs, papered and painted rooms in the house and did many little things to make them permanently comfortable and desirable, and she continued to live there in that way until the house was destroyed by fire January 5, 1918. Thereafter he wrote her, giving her the right to select one of four houses mentioned for her home, which carried with it the idea that she was to live there without him. This action is brought upon the theory that after the house was destroyed the insurance money from it should be taken for rebuilding so that her old home would be restored. The facts as stated

above were substantially proven and the plaintiff offered to prove the verbal agreement between her and her husband under which she continued to live in the house. We must assume that the agreement sought to be proved was that alleged in the complaint to the effect that he would provide a home for her by giving her the use of the house and grounds during her natural life and that he would "maintain the dwelling house located on said premises, and  *  *  *  keep the same insured for the protection and benefit of this plaintiff and  *  *  *  keep the same repaired and pay the taxes thereon, all for the benefit of this plaintiff and in performance of the obligation of the defendant, Job Doty, to provide for the proper maintenance and support of his wife, this plaintiff," and that the acts of each party referred to were done in performance of said agreement. The court excluded the evidence upon the ground that there was not such a part performance of the oral agreement as would justify a specific performance thereof and she was nonsuited, to which exception was taken.

A man owes his wife not only a bed and something to eat and wear, but a home of which he is a part. She is entitled to cohabit with him as his wife, to his society and companionship.

Under the Revised Statutes (2 R. S. 147, § 51) no action for separation could be maintained by a wife for abandonment unless there was a "refusal or neglect to provide for her." But under the Code of Civil Procedure (§ 1762) there are four cases in either of which separation may be had: (1) Cruel and inhuman treatment; (2) conduct rendering it unsafe or improper to cohabit; (3) the abandonment of the plaintiff by the defendant, and (4) where the wife is plaintiff, for neglect or refusal to provide for her. Therefore, an action for a separation may be brought for an abandonment although support is provided. (*Tabor* v. *Tabor*, 140 N. Y. Supp. 313; *Ahrenfeldt* v. *Ahrenfeldt*, Hoff. Ch. 47.) When he abandoned her, although he continued to supply her with necessaries, she could still have had a judgment for separation, with such provisions in it as justice and the circumstances require. (Code Civ. Proc. § 1766.)

If a wife permanently deserts her husband he may have a judicial separation. If the agreement was made, it condoned

and ended her right to bring an action for separation and relegated the parties to their rights under the contract. Having forborne for many years to maintain such an action, forgiven him his desertion and managed and cared for the property as her own, she was entitled to the protection of the court. A husband and wife, with reference to their marital rights, do not occupy the position of strangers before the court, but it has a reasonable solicitude for the protection of the wife with reference to her support and maintenance. Each party had faithfully performed the contract for twelve years and their position and station in life had for that time been influenced and controlled by it. The parties cannot be restored to the position where they were in 1906. Equity requires that the situation which they have maintained under the contract for so long a time be continued and that, so far as may be, the contract be specifically performed. The wife was not bound to go and live in one of four designated houses pointed out by the defendant; that was not according to her marital rights. In my judgment, if the contract was as foreshadowed by the arguments and the inferences we have drawn, we must conclude that the plaintiff is entitled to a specific performance. I favor a reversal and a new trial.

All concur, except H. T. KELLOGG and KILEY, JJ., dissenting.

Judgment reversed and new trial granted, with costs to the appellant to abide the event.