In the Matter of MILDRED ROGERS BOYLAN, an Incompetent Person.— Decision and order amended so as to read as follows: Order, dated May 17, 1932, modified by reducing the allowance of $5,000 to $2,500, and as so modified affirmed, with costs to the respondent against the appellant. Order, dated June 2, 1932, affirmed, without costs. All concur, except Crapser, J., who dissents only to the allowance of costs to the respondent. [See 237 App. Div. 865.]

LEONA BENNETT, Respondent, v. FRANK G. WHITE, Appellant, and Others.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied.

## FOURTH DEPARTMENT, JANUARY, 1933.

WESLEY W. HUNT, Respondent, v. ENGELS TRACTOR COMPANY, INCORPORATED, Appellant.

PER CURIAM. The contract sued on is one for sale of a tractor by defendant to plaintiff, dated April 23, 1931. It provides for delivery of the tractor by June 1, 1931. The action is one for damages for defendant's failure to deliver the tractor, and the damages awarded are the loss of prospective profits on two contracts for the sale and delivery of lumber, one dated June 12, 1931, and the other June 25, 1931. At the time the contract for the sale of the tractor was made, and even at the time it was breached by non-delivery, the contracts, the anticipated profits of which plaintiff claims to have lost, were not in existence, and so could not have been within the contemplation of the parties. (*Stecker* v. *Weaver Coal Co.*, 116 App. Div. 772; affd., 192 N. Y. 556; *Griffin* v. *Colver*, 16 id. 489; *Witherbee* v. *Meyer*, 155 id. 446.) There is, also, undisputed proof that there were other tractors, suitable for lumbering, available to plaintiff for purchase or hiring, and plaintiff testified that he could have accomplished his lumbering operation practically as cheaply by hiring a tractor as by buying one. Damages for failure to deliver an article of merchandise is ordinarily the difference between the agreed price and what a like article would cost in the market; and if special damages, such as loss of prospective profits, are to be recovered they must be pleaded and proved. (*Parsons* v. *Sutton*, 66 N. Y. 92.) In this case they were pleaded but the damages proved are speculative and altogether unsatisfactory. All concur. Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event.