The Nassau County National Bank of Rockville Centre, Appellant, v. Randolph M. Taylor and Arthur F. Lynch, Copartners Doing Business as Coe Plumbing & Heating Co., and Others, Defendants, and Arthur C. Lynch, Respondent.— Order of the County Court of Nassau county, granting motion of defendant Arthur C. Lynch to open his default and permit him to interpose an answer in an action upon a note on which he was sought to be charged as an indorser, affirmed, with ten dollars costs and disbursements; the answer to be served within ten days from the entry of the order hereon. No opinion. Hagarty, Carswell, Johnston, Adel and Close, JJ., concur.

Reuben Parness and Ida Parness, Respondents, v. Hollywood Homes, Inc., Appellant.— In an action brought by the plaintiffs, purchasers, for the specific performance of a contract for the sale of real property executed by the defendant, seller, the latter appeals (1) from the order granting plaintiffs' motion for summary judgment, (2) from the judgment thereon entered, (3) from an order denying defendant's motion to resettle the order granting summary judgment, and (4) from an order adjudging the defendant, seller, in contempt of court unless within a fixed time the defendant shall comply with the terms of that order and judgment. (a) Order granting summary judgment and judgment thereon each modified by striking therefrom the following provision: " Further ordered that the plaintiffs' claim for damages against the defendant, pursuant to the complaint herein, be deemed to be severed without prejudice;" and as thus modified affirmed; (b) appeal from order denying resettlement dismissed; and (c) order thus adjudging defendant guilty of contempt affirmed. Twenty-five dollars costs and disbursements to respondents. There was no triable issue of fact; the defendant was able to convey the title to the property on the law day, but arbitrarily, merely to suit its own convenience, and in bad faith, refused so to do. The order for summary judgment and the judgment thereon entered, however, are incorrect in law in so far as therein the action is severed as to the plaintiffs' claim for damages. To that extent the judgment is *non secundum allegata et probata* (*Walrath* v. *Hanover Fire Ins. Co.*, 216 N. Y. 220, 225), for there is no pleading on the part of the plaintiffs of the special damage which in the affidavits they claim to have sustained. (*Parsons* v. *Sutton*, 66 N. Y. 92, 96; *Hunt* v. *Engels Tractor Company, Inc.*, 238 App. Div. 758.) The appeal from the order denying resettlement becomes academic in view of our disposition in the summary judgment phase. The defendant was clearly guilty of contempt of court and the order conditionally adjudging it thus guilty was correctly made. Present — Hagarty, Davis, Johnston, Taylor and Close, JJ.