HARRY WOLF, Appellant, v. DOMINIC BERGANO and HELEN BERGANO, Respondents.— Action for specific performance of a contract for the sale of certain real property and uncompleted building thereon. Order of the County Court of Nassau County, as resettled, denying plaintiff's motion to punish defendants for contempt for failure to comply with a judgment in favor of the plaintiff, entered upon a stipulation and consent of the defendants, and granting defendants' cross-motion (on certain conditions including the posting of a bond) to be relieved from the stipulation upon which the judgment for specific performance was entered, reversed on the law and the facts, with ten dollars costs and disbursements, the motion of plaintiff granted, and the cross-motion of defendants denied, with ten dollars costs. The action in which the court assumed to relieve the defendants from the stipulation of settlement was no longer pending. The record proof establishes that the defendants' assertion that they were misled by representations of the plaintiff into entering into the stipulation of settlement is not in accord with the facts, and it appears that the plaintiff cannot be restored to his position prior to the entry of the judgment. On the merits, therefore, the cross-motion should have been denied (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435; *Bond* v. *Bond*, 260 App. Div. 781) and plaintiff's motion granted. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur. Settle order on notice.

ETHEL ZEITZ, Respondent, v. WALTER ZEITZ, Appellant.— Appeal by the defendant in an action for separation from an order which strikes out the defendant's answer and marks the case for inquest. Order reversed on the law, without costs, and motion denied, without costs. It clearly appears that the defendant's answer was struck out because of his failure to purge himself of the contempt of the order of the court by paying alimony. There is no warrant in law for such an order. (*Sibley* v. *Sibley*, 76 App. Div. 132.) Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

## (December 8, 1941.)

THOMAS BOOTH, an Infant, by FRANK H. BOOTH, His Guardian ad Litem, and FRANK H. BOOTH, Respondents, v. DAISY MANUFACTURING COMPANY, Appellant, and Another, Defendant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Appellant's time to answer the complaint is extended until ten days after the entry of the order hereon. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.

COMMISSION FOR POLISH RELIEF, LTD., Respondent, v. BANCA NATIONALA A ROMANIEI (NATIONAL BANK OF ROUMANIA), Appellant; DANIEL E. FINN, JR., as Sheriff of the County of New York, Respondent.— Motion for leave to appeal to the Court of Appeals granted. [262 App. Div. 543.] The following question is certified: Was the order of Special Term denying defendant's motion to vacate the warrant of attachment, the levies made thereunder, the order for the service of the summons by publication and the service made pursuant thereto, properly made? Time to answer is extended until twenty days after the determination by the Court of Appeals. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.