## Malone v. Malone

*Edwin D. Strite*, for plaintiff.

*George S. Black*, for defendant.

WINGERD, P. J., June 20, 1952.—May 27, 1950, plaintiff filed her bill of complaint in equity against defendant, her husband, asking for relief, in reference to several matters therein alleged. As to one, the allegations in the bill were to the effect that her husband had, by his treatment, caused her to withdraw from

his home and in effect had deserted her. One of the prayers in the bill was that her husband be ordered to pay her, for support and maintenance, such amount as the court found proper. Preliminary objections were filed to this bill, one of which was that the court had no jurisdiction in equity as plaintiff had adequate remedy at law and that her demands were such that they had to be brought in a court of law. This court filed an opinion holding that the court of equity clearly had jurisdiction of plaintiff's demands for suitable maintenance as the allegations in the bill were sufficient to bring the case under the Act of May 23, 1907, P. L. 227, as amended by the Act of April 27, 1909, P. L. 182, 48 PS §131, which provides:

"If any man shall separate himself from his wife without reasonable cause, and, being of sufficient ability, shall neglect or refuse to provide suitable maintenance for his said wife, such wife shall be and is hereby empowered to bring her action, at law or in equity, against such husband for maintenance, in the court of common pleas of the county where the desertion occurred, or where she is domiciled; and the said court shall have power to entertain a bill in equity in such action, and shall make and enforce such orders and decrees as the equities of the case demand; and in such action, at law or in equity, the husband and wife shall be fully competent witnesses."

As equity clearly had jurisdiction of this demand and as the other averments in the bill and the prayers for relief based on them arose generally from the relationship and transactions between the parties and as the final disposition of these matters might have considerable bearing on the matter of the wife's support and maintenance, the court of equity had jurisdiction of all the matters included in the bill. Whether or not a court of equity would have jurisdiction of the demands, other than the one for maintenance if it was

not included in the bill, was not decided as the finding that it clearly had jurisdiction of the one was sufficient to carry jurisdiction of the others.

An answer was filed to the bill. The hearing on the merits was continued from time to time because of the critical illness of the husband. The wife's testimony was taken under stipulation by counsel at a hearing held for that purpose.

On January 10, 1952, defendant died and left a will of which Chauncey M. Depuy was appointed executor. The will was probated in Franklin County and letters testamentary granted to Chauncey M. Depuy.

On February 13, 1952, a rule was issued on Chauncey M. Depuy, executor of the last will and testament of defendant to show cause why he should not be substituted as defendant. To this rule an answer was filed on the ground that the demand for maintenance did not survive the death of defendant and as it was the basis for equity jurisdiction, the court of equity lost jurisdiction of the bill.

The question to be decided is whether or not an action by a bill in equity brought by a wife against her husband for maintenance survives the death of the husband. If it does, then this court, on the basis of its former opinion, has jurisdiction of the present proceeding and need not discuss the question as to whether or not the other demands made in the bill are alone a proper subject of equity jurisdiction.

A husband is under a common-law duty to support his wife, that is, furnish her with proper maintenance: Shaffer Estate, 68 D. & C. 351. The wife's maintenance may be recovered by her either by a civil action at law or in equity as provided in the statute, hereinbefore referred to, and also by proceeding in the criminal courts. The obligation of the husband for maintenance of his wife extends throughout the married life unless the wife has done something which pre-

cludes her from being entitled to maintenance from her husband. When a husband deserts his wife and fails to provide for her maintenance, she is clearly entitled to maintenance from the time of the desertion or, at least, from the time that she commences her civil suit to recover such maintenance from the husband: 27 Am. Jur. 24, §415; Graves v. Graves, 36 Iowa 310, 14 Am. Rep. 525; Clark v. Clark, 17 D. & C. 500. There seems to be no good reason why a wife, entitled to maintenance from the time her husband deserted her or from a time when he first failed for some reason to furnish her with maintenance, should not be entitled to recover for the whole time regardless of when she first brings the civil suit or when the civil suit is finally decided. The civil obligation of a husband to support his wife is on the theory of an implied contract with her by reason of the marriage relationship. A civil action brought by a wife against her husband for maintenance is fundamentally an action based on a contract implied from the circumstances. It may be brought at law or in equity and may be in personam or in rem or both in accordance with the Act of May 23, 1907, P. L. 227, as amended, 48 PS §§131, 132, as the case may be: Scureman v. Scureman et al., 76 D. & C. 242. Why should not an action brought by a wife for maintenance against her husband, who dies during the pendency of the action, survive the death of the husband so that the wife can recover proper maintenance from the time of the husband's desertion or other failure to maintain her to the time of the husband's death? What good reason is there that the husband's estate should not be liable for such maintenance? Why should his heirs, legatees or devisees be enriched by precluding the wife from recovering from his estate that which accrued to her during his lifetime? A civil action by the wife against her husband is surely within the purview of section 601 of the

Fiduciaries Act of April 18, 1949, P. L. 512, which provides:

"All causes of action or proceedings, real or personal, except actions for slander or libel, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants."

The personal representative of the deceased defendant contends that the instant action does not survive the death of defendant because maintenance is prospective and there can be no order of maintenance against defendant's estate for that would indefinitely delay its settlement, and the Fiduciaries Act of April 18, 1949; P. L. 512, sec. 211, provides for a widow's exemption "as a reasonable requirement for support during the settlement of the estate". It is true that the Superior Court has held definitely that an order for support cannot be retroactive and only operates prospectively from the day on which it was made: Commonwealth v. Mc-Master, 88 Pa. Superior Ct. 37; Commonwealth v. Ehrhart, 118 Pa. Superior Ct. 293; Commonwealth v. Henderson, 143 Pa. Superior Ct. 347. This rule applies to criminal actions for desertion and support brought under The Penal Code of Pennsylvania. The rule has nothing to do with civil actions brought by the wife, which are based on the husband's common-law obligation to support her and brought in accordance with the procedure provided by statute.

The question before us is: If an action brought by a wife against her husband under the Act of May 23, 1907, P. L. 227, as amended, 48 PS §131, for maintenance is pending at her husband's death, does the action survive his death so the wife can recover from his estate maintenance to which she was entitled prior to his death?

In Brindle's Estate, 44 Pa. C. C. 238, Judge Gillan, of this court, said in that case, quoting from Ward's Estate, 41 Pa. C. C. 207:

" 'A husband is liable for the maintenance of his wife and for the expenses occasioned by her sickness, whether that sickness be insanity or one of the other more frequent and less serious forms of disease, for insanity is only a disease affecting the mind as other diseases affect the body. The husband is, therefore, primarily responsible during his life, *and after his death his estate is liable*, for such expenses theretofore incurred.' " (Italics supplied.)

In Shaffer Estate, 68 D. & C. 351, 357, it was held that even though a statute provides that the primary liability to the Commonwealth is placed on the estate of a wife, inmate of a State institution, nevertheless, as between the wife and the husband, the husband's liability for her support and maintenance exists and the wife's estate, although primarily liable to the Commonwealth, may recover from the estate of the husband the costs of her maintenance in the State institution, stating:

". . . there is no reason why the guardian of a wife, who is a person of weak mind and an inmate of a State institution, cannot compel a husband to reimburse the estate of the wife in its hands when it has been compelled by the Commonwealth to pay for the wife's maintenance in the State institution, or bring proceeding on behalf of its ward against the husband for support: In re Hannon, 52 D. & C. 160."

In Clark v. Clark, 17 D. & C. 500, a case in which a wife, alleging desertion by her husband, brought an action under the Act of May 23, 1907, P. L. 227, as amended, 48 PS §131, to recover from her husband moneys she had expended from her separate estate for her past maintenance, the court said:

"It will be observed that the Act of May 23, 1907, P. L. 227, as amended by the Act of April 27, 1909, P. L. 182 (48 PS §131), provides that the deserted wife is empowered to bring her action at law or in

equity for maintenance. The question is then presented whether or not the word 'maintenance' is a term applicable to support in the future or whether it will bear the interpretation that will permit a recovery by a deserted wife from her husband of the amount expended 'by her from her separate estate for her own support. . . .

"The law requires a husband to support, care for, and provide comforts for his wife. A husband and wife, with reference to their marital rights, do not occupy the position of strangers before the court, but it has a reasonable solicitude for the protection of the wife with reference to her support and maintenance: Doty v. Rensselaer, 194 App. Div. 841, 185 N. Y. Supp. 466.

"The statutes do not change the law as to the civil liability of the husband to furnish his wife with reasonable support. The proposition has been stated in this form: that the common-law duty of a husband to support his family has not been changed by the legislation relating to married women. See 30 C. J. 516, Secs. 29, 30.

"The duty of support resting on the husband does not depend on the adequacy or inadequacy of the wife's means or on the ability or inability of the wife to support herself by her own labor or out of her own separate property: 30 C. J. 517, Sec. 29.

"A husband is under a natural obligation to furnish necessaries to his wife, and if the husband neglects that duty any person who supplies such necessaries is deemed to have conferred a benefit upon the delinquent husband for which the law raises on the part of the husband an implied promise to pay. A corollary of the rule is the proposition that, where a person has advanced money to a wife deserted by her husband to purchase necessaries and the money has been so applied, he can maintain an action against the husband

for the moneys so advanced: Kenyon v. Farris, 47 Conn. 510.

"The common-law rule, that the personal property of the wife and all her earnings belong to her husband, has been changed by legislation in Pennsylvania (Act of April 3, 1872, P. L. 35, Sec. 1), to the extent that all earnings acquired by the wife in carrying on any separate or independent business, or in performing any labor or services on her sole and separate account, are vested exclusively in her, and her husband has no right thereto, although it may be said, in passing, that this legislation does not affect or change the rule as to the earnings of the wife acquired in her capacity as wife, for services rendered about her household duties or when assisting her husband in his business: Standen v. Penna. R. R. Co., 214 Pa. 189.

"Plaintiff, having applied her separate estate to the fulfillment of the obligation resting primarily on her husband, is entitled to recover from him such sum as he would have been compelled to expend in discharge of his obligation: De Brauwere v. De Brauwere, 203 N. Y. 460, 463. . . .

"The Act of May 23, 1907, P. L. 227, being in aid of a well-established common-law right, should be liberally construed, particularly in the lights of its just and beneficent purpose.

"Applying this rule of construction, we think that the legislature has used the term 'maintenance' in its broadest sense, intending to protect the right of the wife to support for any period prior to the commencement of the action, as well as future support: 30 C. J. 1080, Sec. 878."

In Mull v. Mull, 13 Somerset 234, the wife by a proceeding in the court of quarter sessions had procured a support order from that court which was dated January 7, 1946, and then brought a civil action to recover from her husband for the maintenance and support of

herself and child during the period of time beginning with the alleged desertion of her and the child, by her husband, and ending on the day on which the court of quarter sessions imposed on her husband an order for her and the child's support. The court overruled an affidavit of defense, equivalent to our present demurrer, to plaintiff's statement of claim, holding that the action in the court of quarter sessions was not res adjudicata of her rights because the order made by the court of quarter sessions was not retroactive under the authority of the decisions of the Superior Court and therefore could not adjudicate the right of the wife and her child to support from defendant prior to the date of its entry.

These cases fully support the proposition that a wife has a right to recover in a civil action against her husband for maintenance prior to the commencement of the action and during the pendency of the action. If the husband dies during the pendency of the action, although no order for maintenance could be then prospective, the wife clearly has the right to recover against the husband's estate for maintenance which she shows should have been paid by him to her prior to his death. It is an action based on an implied promise, as heretofore stated: Mull v. Mull, 13 Somerset 234, 238. It is an action in personam if, as in the instant case, the husband was served personally during his lifetime: Boudwin v. Boudwin, 320 Pa. 147; DeAngelis v. DeAngelis, 34 Del. Co. 225; Scureman v. Scureman et al., 76 D. & C. 242, 245. It survives the death of the husband.

Plaintiff in this case, under the allegations in the bill, has a right of action to recover for maintenance and support not furnished her by her husband to the time of his death, and since that right of action survives his death, as we have shown, the court of equity still has jurisdiction of it and having jurisdiction of

that right of action, continues to have jurisdiction of the whole bill in this present proceeding.

Now, June 20, 1952, the rule issued on Chauncey M. Depuy as executor of the last will and testament of Charles J. Malone, deceased, to show cause why he should not be substituted as a party defendant in the above stated case in place and stead of Charles J. Malone, defendant, is made absolute and the executor is hereby ordered substituted as a party defendant in this case in place of defendant, Charles J. Malone.