■ In the Matter of MOLLIE GROSSMAN, as Administratrix of the Estate of IRVING GROSSMAN, Deceased, Respondent, against NEW YORK CITY TRANSIT AUTHORITY, Appellant. — Appeal from an order granting leave, pursuant to subdivision 5 of section 50-e of the General Municipal Law, to serve a notice of claim for the conscious pain and suffering and wrongful death of respondent's intestate. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ MAUREEN KOEPPEL, Appellant, v. WILLIAM M. KOEPPEL, Respondent. — In an action for specific performance, the appeal is from a judgment dismissing the complaint, entered after trial before an Official Referee, to whom the action had been referred to hear and determine. Judgment unanimously affirmed, without costs. Appellant and respondent were formerly husband and wife and both are of the Jewish faith. During pendency of an action brought by appellant to annul their marriage, the parties entered into a contract, which provided that "Upon the successful prosecution of the Wife's action for the dissolution of her marriage, the Husband and Wife covenant and agree that he and she will, whenever called upon, and if and whenever the same shall become necessary, appear before a Rabbi or Rabbinate selected and designated by whomsoever of the parties who shall first demand the same, and execute any and all papers and documents required by and necessary to effectuate a dissolution of their marriage in accordance with the ecclesiastical laws of the Faith and Church of said parties." Thereafter, a decree of annulment was entered in that action, in appellant's favor, and appellant called upon respondent to perform his agreement by appearing before a rabbi or rabbinate, and executing the requisite papers. Upon respondent's refusal to comply with appellant's demand, this action was commenced to compel such performance. We are in accord with the determination by the Official Referee that, on the record presented, appellant is not entitled to relief. The evidence discloses that appellant has been remarried at a ceremony at which a duly ordained rabbi of her own faith officiated, and no question is raised as to the validity of that marriage under the laws of this State, nor does it appear that its validity has been otherwise questioned to appellant's detriment, or that there are children of the second marriage. Appellant's right to require respondent to participate in an ecclesiastical divorce was not absolute, but was by the terms of her own agreement only to be exercised when the same should become necessary. We are unable to determine from the terms of the contract and the evidence adduced, what circumstances the parties intended to be sufficient to establish the necessity of the dissolution of their marriage in accordance with Jewish ecclesiastical law, nor are we able to determine, on the evidence adduced, that the Official Referee was required to find that such necessity existed at the time of the trial. Standing alone, the agreement is too indefinite to support a judgment of specific performance. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.