■ DANIEL MEYER, Respondent, v. FREIMAN COATED FABRIC CORP., Appellant. — Judgment in favor of plaintiff against defendant in the sum of $7,129.46 unanimously reversed, on the law and the facts, and a new trial granted, with $50 costs to appellant, with leave to the parties to serve amended pleadings and have further pretrial procedures. The pleadings do not support the theory upon which the plaintiff tried the case; and such motion as was made to conform the pleadings to the proof was properly denied. The case was so poorly presented to the court below that no proper conclusions of substance can be drawn from the evidence to render justice to the parties. If the plaintiff has special or consequential damages by reason of defendant's breach of warranty, he should plead the same, as well as his claim for general damage (Personal Property Law, § 150; *Hunt* v. *Engels Tractor Co.*, 238 App. Div. 758; *Parness* v. *Hollywood Homes*, 252 App. Div. 769). Complete justice cannot be done between the parties hereto without more evidence as to the quality of the goods delivered as compared with those ordered; and as to the credits, if any, which defendant should receive for sales by plaintiff of some of the goods which were in fact inferior to the quality ordered, and for such goods remaining in plaintiff's hands. Although one third of the goods shipped were of colors in excess of the goods ordered of such colors, the evidence does not show that they were inferior in quality or that they were not in fact accepted by plaintiff and sold without loss. The evidence was likewise unsatisfactory and insufficient as to the quality and value of the "special lot" deliveries; and as to the market value and availability in New York of goods of the quality ordered, when plaintiff learned of the defendant's breach of warranty. (See *Perkins* v. *Minford*, 235 N. Y. 301; *Hunt* v. *Engels Tractor Co.*, *supra*; Personal Property Law, § 148.) If the plaintiff claims that the place of delivery was England and not New York, it may make such claim in its new pleadings, and that issue may also be litigated. Concur — McNally, J. P., Stevens, Eager, Steuer and Witmer, JJ.

■ EDWARD ARMS, Plaintiff, v. MARTIN GLASSMAN, Defendant and Third-Party Plaintiff-Respondent. AUTO SPECIALTIES MANUFACTURING CO., Third-Party Defendant-Appellant. — Order, entered on July 10, 1964 herein appealed from, unanimously reversed, on the law, with $30 costs and disbursements to the appellant, and the motion to dismiss the third-party complaint granted, with $10 costs. Under CPLR 302 (subd. [a], par. 2) a court may exercise "personal jurisdiction over any non-domiciliary * * * as to a cause of action" where the nondomiciliary "commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act". The record fails to support respondent's claim that any tortious act was committed by appellant within the State within the meaning of the section. In fact the record fails to show even minimal contacts by appellant with New York. (Cf. *Singer* v. *Walker*, 21 A D 2d 285; *Lewin* v. *Bock Laundry Mach. Co.*, 42 Misc 2d 599.) Nor is there a showing by the record that the product involved was sold or contemplated to be used within this jurisdiction. (*Johnson* v. *Equitable Life Assur. Soc.*, 43 Misc 2d 850, affd. 23 A D 2d 538.) Concur — McNally, J. P., Stevens, Eager, Steuer and Witmer, JJ.