David O. Boehm, J.
On July 1,1965 the plaintiff and defendant, her husband, entered into a separation agreement. Thereafter, on July 7, 1965 the plaintiff obtained a Mexican divorce from defendant. The agreement was incorporated by reference *615 into the divorce decree but not merged therein by specific provision of the second decretal paragraph of the decree.
The agreement required the defendant to pay to the plaintiff alimony in the sum of $60 per week; to maintain the mortgage payments upon the plaintiff’s residence; to pay the city and county taxes and the utility bills; and to pay to the plaintiff’s attorney (who is presently representing her) the sum of $1,350 “ for past and future legal expenses.”
The plaintiff brings this action against the defendant for alimony in arrearages amounting to $1,320, plus the sum of $588 representing the amount due and unpaid upon the mortgage which is now the subject of a foreclosure action brought by the mortgagee on December 11, 1972. In a second cause of action, the plaintiff requests the sum of $3,500 as reasonable legal services performed by her attorney to date in trying to obtain enforcement of1 the support terms of the separation agreement.
Although the plaintiff’s action was originally commenced by summons in the City Court of Rochester, the parties have stipulated that the action properly belongs in this court and the complaint bears the caption of this court. In addition, the motion for summary judgment brought by the plaintiff pursuant to CPLR 3212 has been made returnable in this court and the answering affidavit and all subsequent proceedings have been directed here as well. The case is now pending on the civil calendar of this court by a properly filed note of issue. Accordingly, jurisdiction has been accepted.
The defendant concedes his delinquency for support payments to September 18, 1972, the date of the summons. Plaintiff, in her complaint, .seeks judgment for $1,500. The complaint and affidavit are silent as to how this total is arrived at. In all probability it represents the amount due to January 8, 1973, the date of the motion for summary judgment. However, the plaintiff may not obtain judgment for a sum greater than the amount owing at the time suit was brought (Bauchle v. Bauchle, 185 App. Div. 590).
Accordingly, summary judgment is awarded in an amount equal to the total arrearages to September 18, 1972, at the rate of $60 per week.
The changed financial circumstances of the defendant, his reduced earnings and increased responsibilities resulting from his second marriage, cannot alter his obligation to pay the weekly sum required by the agreement between himself and the plaintiff. It is a contract which survived the divorce decree and therefore his civil liability under it remains fixed. The *616 case of Matter of Jacqueline S. v. Gerald C. (70 Misc 2d 19), cited "by the defendant, itself recognizes the authority of this rule.
On the other hand, the plaintiff is bound by the clear terms of the agreement as well. That agreement limited the defendant’s obligation to the plaintiff for legal expenses “past and future ” to the sum of $1,350 and apparently that sum has been paid. That represents the extent of the defendant’s liability for attorney’s fees and such liability is not enlarged by the fact that additional legal services were required by the wife to obtain the support payments due her under that agreement.
The rule may be harsh, penalizing as it does the former wife because she is obliged to sue her former husband to compel him to live up to the terms of a contract which he freely entered into. Nevertheless, that is the rule. Although the discussion in Rosenblatt v. Wolf (17 A D 2d 396) indicates the possibility of a contrary rule, that court’s position regarding the husband’s liability for his ex-wife’s attorneys’ fees in bringing suit to enforce a separation agreement seems to be left deliberately vague.
In any event, the clear weight of authority is that such liability does not exist. The rule in New York is that, in the absence of statute or contract, attorneys ’ fees are not recoverable against the opposite party (24 Carmody-Wait 2d, New York Practice, § 148:87). “ An action to enforce a separation agreement' does not come within the term ‘ matrimonial action ’ as defined in the Civil Practice Law and Bules [CPLB 105 (m)], and such actions are not mentioned in any of the provisions of the Domestic Belations Law which relate to allowances and awards in specific actions or proceedings and the enforcement of judgments or orders entered therein; hence, the court does not have the power to make an order requiring the husband to pay alimony and counsel fees in an action for specific performance of a separation agreement.” (16 N. Y. Jur., Domestic Belations, § 706, p. 270). (See, also, Marson v. Marson, 6 A D 2d 786; Schreiber v. Schreiber, 34 A D 2d 681; Berry v. Jaworski, 187 Misc. 481; 19 Carmody-Wait 2d, New York Practice, §117:57.)
A valid and subsisting separation agreement is a bar to an application for counsel fee's (Riemer v. Riemer, 31 A D 2d 482, 487, mot. for lv. to dismiss app. den. 25 N Y 2d 684). By commencing an action on the separation agreement to recover unpaid support, plaintiff has thereby elected to confirm the contract and its terms as to her are binding (Ascher v. Ascher, 213 App. Div. 183).
*617 The plaintiff argues that she.is nevertheless entitled to payment of her attorney’s fees by reason of the common-law duty of the husband to furnish necessaries to his wife. What this argument overlooks is that this duty is terminated by divorce (Siegelstein v. Sternberg, 162 Misc. 388). The case cited, as authority (Tompkins & Lauren v. Glass, 44 Misc 2d 239) is not in point as it involves a matrimonial action.
In her complaint, the plaintiff also refers to the defendant’s obligation to pay the mortgage payments, taxes and utilities due upon her residence as required by the separation agreement and sets forth arrearages with respect to such mortgage payments in the amount of $588, further alleging that the mortgagee has commenced foreclosure proceedings for the total mortgage balance of $12,228.47.
The plaintiff seeks judgment for the $588 in the complaint, but in her affidavit she also requests an order requiring the defendant to post a bond or security as a guarantee of performance.
The defendant’s position is that the relief sought by the plaintiff is essentially for specific performance but, not having requested such relief in her complaint, she may not obtain it by a motion for summary judgment. The defendant’s position is a strong one. Ordinarily a party may not have summary judgment upon a cause of action not alleged in its pleading. (Peripheral Equip, v. Farrington Mfg. Co., 29 A D 2d 11, 14; Parness v. Hollywood Homes, 252 App. Div. 769.)
However, there are allegations in the complaint which would support a demand therein for specific performance. All that is lacking is the actual demand therefor' in the ‘ ‘ wherefore ’ ’ clause. The fact that the complaint may have been inartistically drawn should not of itself cut off the relief sought in this application, particularly where the underlying facts are set out and the amount of the delinquent mortgage payments is included in the total demand for judgment.
The policy of the Civil Practice Law and Rules is to secure just, speedy and inexpensive conduct of litigation. Accordingly, purely formal and nonprejudicial mistakes and irregularities should be ignored and, toward the same end, pleadings should be liberally construed (CPLR 103, subd. [c]; 104, 2001, 3026, 5520, subd. [a]).
It is the general rule that the provisions of a separation agreement may be enforced by specific performance if the remedy at law is inadequate. Thus, in Doty v. Rensselaer County Mut. Fire Ins. Co. (194 App. Div. 841), it was held that the wife was *618 entitled to specific performance of the terms of a separation-agreement requiring the husband to provide a home for the wife and to maintain the house, keep it insured for her benefit, keep it repaired and pay the taxes. (See, also, 19 Carmody-Wait 2d, New York Practice, § 117:58; 16 N. Y. Jur., Domestic Eelations, § 706.)
However, it would be premature to award summary judgment at this time, particularly because the pending foreclosure proceedings might make such relief illusory. The final determination would be best left for trial for the purpose of determining if specific performance is still available and, if not, what alternative remedy would protect the interests of the plaintiff.
For all of the above reasons, summary judgment, except for the amount of the arrearages for support payments, is denied.