■ ALFRED J. BUSCH, Respondent, v GEORGE BERG, Appellant.—Order unanimously modified in accordance with memorandum and as modified affirmed, with costs, to respondent. Memorandum: Early in 1973 the parties entered into a contract for the sale of certain real property in the City of Buffalo, New York. The purchase contract provided that the plaintiff-vendee pay $2,000 of the $13,000 purchase price in cash and the remainder by assuming a 6% mortgage held by the Cortland Savings Bank. Upon defendant-vendor's refusal to send to plaintiff the abstract and other usual title material, plaintiff sued for specific performance and obtained a judgment in his favor which provided, *inter alia,* that the deed was to be "free from all encumbrances except the first mortgage lien of the Cortland Savings Bank which is to be assumed by plaintiff Alfred J. Busch". We affirmed that judgment *(Busch v Berg,* 47 AD2d 715). While the appeal was pending, defendant paid the Cortland Savings Bank mortgage in full and secured a discharge of it. Plaintiff was not notified of the discharge until some nine months later. After refusing to accept a purchase-money mortgage for the balance of the price ($11,000), defendant informed plaintiff by letter that he would treat the purchase contract as abandoned and repudiated if plaintiff failed to appear at a closing three days later and tender a check for the entire purchase price. Plaintiff then obtained the contempt order which is the subject of the instant appeal. CPLR 5104 makes punishment for contempt available, with two exceptions not here applicable, to aid in the enforcement of "Any interlocutory or final judgment or order, or any part thereof". Precedent approves its use in enforcing judgments to compel the conveyance of realty (see *Wolf v Bergano,* 263 App Div 825; *Parness v Hollywood Homes,* 252 App Div 769; *People ex rel. Sarlay v Pope,* 230 App Div 649; *Segar v Strauchler,* 219 App Div 804). While defendant is correct in stating that a finding of contempt may not be made unless the judgment or order violated is clear and explicit, and unless the act complained of is clearly proscribed *(Pereira v Pereira,* 35 NY2d 301, 308; *Howard S. Tierney, Inc. v James,* 269 App Div 348, 354–355), we have no difficulty in finding that those requirements are satisfied here. The judgment not only required "that the agreement dated March 19, 1973 pertaining to 1175–1177 Broadway, Buffalo, New York be specifically performed", but also made explicit mention of the Cortland Savings Bank mortgage "which is to be assumed by plaintiff". Moreover, the record amply supports Special Term's finding that the discharge of the mortgage "was calculated to and did impede, impair, prejudice and defeat the rights and remedies of the plaintiff" (see Judiciary Law, § 770). The effect of the mortgage discharge was to deprive the plaintiff of the very favorable financing terms for which he bargained and for which the contract and the specific performance judgment unequivocally provided. The decision whether to punish noncompliance with a court directive as a contempt generally rests in the sound discretion of the court, as does the fixing of conditions upon which the contemnor may purge himself *(Matter of*

*Storm,* 28 AD2d 290, 292–293). On the former score, Special Term's discretion was soundly exercised. However, the order's provisions relative to purging the contempt should be modified because no time limit is specified in which defendant should agree to accept a purchase-money mortgage or in which alternate financing arrangement should be made. Rather than leave such period to an indefinite "reasonable" time period, and to avoid future controversy, we amend the order to provide the time within which the conditions should be completed, by striking the second and third ordering paragraphs and substituting in their stead the following: "ORDERED that the defendant, George Berg, may purge himself of contempt by tendering to plaintiff within 60 days from entry of the order herein a full covenant warranty deed free of all encumberances and by taking back a purchase money mortgage in the amount of $11,000 with interest at the rate of 6% per annum and payable $107.47 per month, all as provided in the discharged Cortland Savings Bank mortgage, and upon failure of defendant so to perform, the plaintiff may, in the alternative, seek other financing, and if successful, it is ORDERED that if within 60 days from the entry of the order herein the plaintiff shall secure a mortgage in the sum of $11,000, the defendant shall pay to the plaintiff the difference between the interest rate that plaintiff is required to pay for such other financing and 6% which was the interest rate of the discharged Cortland Savings Bank mortgage; and it is further". Finally, the award of counsel fees of $500 and costs of $20 was reasonable and proper. Since the plaintiff proved no actual loss or injury, the court was limited to the imposition of "a fine * * * not exceeding the amount of the complainant's costs and expenses, and two hundred and fifty dollars in addition thereto" (Judiciary Law, § 773). Reasonable counsel fees incurred in respect of the contempt application are properly includable as an item of "costs and expenses" *(Bennett Bros. v Floyd Bennett Farmers Market Corp.,* 16 AD2d 897). Defendant's remaining contentions are without merit. (Appeal from order of Erie Supreme Court—contempt.) Present—Moule, J. P., Dillon, Goldman and Witmer, JJ.