Louis B. Heller J.
In this action for divorce the complaint sets forth seven causes of action wherein the plaintiff seeks the following relief:
1. A judgment of absolute divorce upon the ground of a prior written agreement of separation.
7. An injunction requiring defendant to commence proceedings for a "Get”, i.e., a Jewish religious divorce.
The matter was tried before me without a jury. While both parties were in agreement that the divorce should be granted on the ground of the separation agreement, I reserved decision on the entire case to examine and decide on the basis of factual and legal interpretations of the various provisions of *785 the separation agreement. The parties were given an opportunity to submit memoranda of law, affidavits and an agreed statement of facts.
On the basis of the papers submitted, the court finds the following relevant facts as not being in dispute: The plaintiff and defendant were married on June 7, 1953. They have three children of this marriage, currently ages 18, 19 and 22. On May 29, 1973 the parties duly executed a separation agreement prepared by the plaintiff’s attorney. Pursuant to this agreement plaintiff moved out of their marital residence before April 30, 1974 as provided in paragraph Tenth, and the deed transferring her interest in the property to the defendant is held in escrow by her attorneys under the terms of paragraph Thirty-First. Defendant still resides at the former marital home.
The defendant has failed to comply with the separation agreement. He refuses to give the plaintiff a "Get” in accordance with paragraph Seventh. It is appropriate to recite a few general principles concerning separation agreements.
A separation agreement is a contract and if lawful when made will be enforced by the courts like any other contract unless impeached or challenged for some cause recognized by law (Goldman v Goldman, 282 NY 296, 300; Schmelzel v Schmelzel, 287 NY 21, 26). And like other contracts the provisions of a separation agreement may be enforced by specific performance if the remedy at law is inadequate (Lottridge v Lottridge, 73 Misc 2d 614, 617; 2 Foster-Freed, Law and the Family, § 28:35). But the court may not modify or alter its provisions so long as the agreement remains unimpeached (Stoddard v Stoddard, 227 NY 13, 20-21; Goldman v Goldman, supra, p 300; Stillman v Stillman, 20 AD2d 723, 724). Where the terms of the agreement are clear and unambiguous the intent of the parties must be found therein (Matter of Wosnitzer, 47 AD2d 402, 404-405); any ambiguities will, however, be construed against the party who drafted the contract (Mars Assoc. v Health & Mental Hygiene Facilities Improvement Corp., 47 AD2d 5, 6).
The burden of establishing an affirmative defense as to the agreement rests with the party asserting such defense and the burden must be met by a fair preponderance of the evidence (Birnbaum v Birnbaum, 70 Misc 2d 462, 464-465, affd 76 Misc 2d 1087). In this connection, the court finds unavailing defendant’s affirmative defense that the separation agreement is void *786 under section 5-311 of the General Obligations Law as embracing a provision which purports to dissolve the marriage between the parties.' This paragraph should not be equated to or regarded as "an express provision requiring the dissolution of the marriage” (General Obligations Law, § 5-311; Rosen v Goldberg, 28 AD2d 1051, affd 23 NY2d 791), nor does the paragraph have a direct tendency to promote a divorce (Matter of Fleischmann, 64 Misc 2d 924, 926, affd 37 AD2d 1044).
1. Judgment of Divorce.
Plaintiff is entitled to a judgment of absolute divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law as the court finds that the parties "have lived separate and apart pursuant to a written agreement of separation * * * for a period of one or more years after the execution of such agreement and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such agreement.”
In accordance with the terms of the separation agreement the entire agreement is to be incorporated, but not merged, into the judgment of divorce.
2. Injunction Requiring Defendant to Furnish a "Get” to Plaintiff.
In her last cause of action plaintiff demands judgment enjoining the defendant to institute a proceeding for a "Get”, a Jewish religious divorce. In essence plaintiff seeks specific performance of paragraph seventh of the separation agreement which provides that:v "Prior to the Wife vacating the premises as hereinbefore set forth, the parties shall obtain a Get from a duly constituted Rabbinical court. The Wife shall, directly or indirectly pay for the Get, and the Husband agrees to the Get provided it is done within the sixty day period prior to the vacation of the marital premises by the Wife.”
Defendant urges as an affirmative defense that - plaintiff violated this paragraph by vacating the marital premises without obtaining a "Get”, thus waiving her right to the "Get”. The court rejects this argument. It is the defendant who refuses to give the plaintiff a "Get” in violation of the agreement. Defendant should not thereby benefit because the plaintiff chose to comply with another provision of the agreement requiring her to vacate the marital premises on or before April 1, 1974.
Defendant’s second argument is that the court may not *787 enforce a contractual provision requiring a spouse to obtain a "Get”. This court does not agree.
The validity of an agreement to obtain a "Get” has been recognized in this State (Koeppel v Koeppel, 138 NYS2d 366, 373, affd 3 AD2d 853; Margulies v Margulies, 42 AD2d 517, app dsmd 33 NY2d 894; Rubin v Rubin, 75 Misc 2d 776, 782).
In Koeppel v Koeppel (supra) the wife brought an action to obtain specific performance of defendant’s covenant, pursuant to a separation agreement, to comply with the necessary prpeedure to effectuate a Jewish religious dissolution of their marriage. Defendant refused to appear before a rabbi or rabbinate to execute the papers necessary to effectuate a religious dissolution in accordance with the laws of the Jewish faith. In denying defendant’s cross motion for summary judgment the court stated: "Defendant has also contended that a decree of specific performance would interfere with his freedom of religion under the Constitution. Complying with his agreement would not compel the defendant to practice any religion, not even the Jewish faith to which he still admits adherence (paragraph Second of the complaint not denied in the answer). His appearance before the Rabbinate to answer questions and give evidence needed by them to make a decision is not a profession of faith. Specific performance herein would merely require the defendant to do what he voluntarily agreed to do.
"Defendant’s statement that the ceremony before the Rabbinate takes from two to two and one-half hours is not worthy of discussion. That is not much out of a lifetime, especially if it will bring peace of mind and conscience to one whom defendant must at one time have loved.” (Koeppel v Koeppel, supra, p 373.)
In his memorandum of law defendant omits any reference to the Koeppel decision but instead cites two other cases in support of his position that the court may not enforce the "Get” provision — (Margulies v Margulies, 42 AD2d 517, app dsmd 33 NY2d 894 and Pal v Pal 45 AD2d 738).
Margulies v Margulies (supra) involved a stipulation in open court, subsequent to a judgment of divorce, whereby the defendant husband voluntarily agreed to "appear before a rabbi to be designated for the purposes of a Jewish religious divorce.” The husband failed to comply with the stipulation and was twice held in contempt and fined therefor, subject to the provision that he could purge himself by paying the fines *788 and appearing before a Jewish court to obtain a religious divorce. The husband refused to comply with the two contempt orders and by a third order was committed to jail for a period of 15 days with the same opportunity to purge himself. On appeal from the third order, the Appellate Division, First Department, struck therefrom the provision directing his imprisonment and substituted instead a proviso that he could purge himself by paying the fines imposed under the two prior orders or, alternatively, by appearing and participating in a Jewish divorce. While the court in Margulies raised the issue of whether the court was without power to direct defendant to participate in a religious divorce it did not decide the question, except inferentially, when it upheld the underlying orders of contempt and the fines imposed therein and permitted the husband to purge his contempt by paying the fines or by complying with the stipulation.
In Pal v Pal (supra) the parties agreed in a stipulation in open court in a divorce action commenced by plaintiff husband that they would submit themselves to a rabbinical tribunal as to whether plaintiff should be directed to take the necessary steps to grant a Jewish divorce, a "Get”. The stipulation also included provisions with respect to the selection of rabbis to constitute the rabbinical tribunal, which in essence required the court to select a third rabbi in the event the two rabbis chosen by the parties shall fail to select one. In the proceeding before the court, Special Term granted defendant’s cross motion to have the court designate a third rabbi. The Appellate Division, Second Department, reversed and held that "Special Term had no authority to, in effect, convene a rabbinical tribunal” (Pal v Pal, supra, p 739). However, the court, as in the Margulies case, impliedly acknowledged the validity of the parties’ stipulation as to the "Get” by denying plaintiff’s motion to punish the defendant for contempt for her alleged violation of the divorce judgment concerning visitation. The court said in this regard: "plaintiff’s motion to punish defendant for contempt should have been denied, as one who seeks relief must come into court with clean hands. Plaintiff’s conduct in not complying with the terms of a stipulation [i.e., the "Get”] incorporated into the judgment of divorce was such as to preclude the granting of his motion”. (Pal v Pal, supra, p 739.)
On the basis of the above authorities the court concludes that it may grant specific performance of the provision in the *789 separation agreement requiring the parties to obtain a "Get”. The Margulies and Pal decisions do not overrule the Koeppel conclusion nor otherwise warrant a contrary result, but they merely preclude enforcement by means of imprisonment or the convening of a rabbinical tribunal.
Accordingly, the defendant is directed to take whatever steps are necessary to secure a "Get” for the plaintiff, be it by his own commencement of and appearance and participation in such a religious proceeding or his consent, appearance and participation in a proceeding begun by the plaintiff (see Matter of "Rubin” v "Rubin” 75 Misc 2d 776, 778-781). This court may also condition enforcement of other provisions in the separation agreement upon the defendant’s co-operation in securing the "Get” (Matter of "Rubin” v "Rubin”, supra, pp 782-784). Accordingly, the court further holds that the stock and the deed to the marital residence now being held by the plaintiffs attorneys shall not be turned over to the defendant until he has obtained a "Get”.