■ QUANTUM HEATING SERVICES INCORPORATED, Respondent, v LEON AUSTERN et al., Appellants.—Appeal by the defendants from an order of the Supreme Court, Westchester County (Kelly, J.), dated March 21, 1985, which, after a hearing ordered by this court, granted an application to adjudge them in civil contempt, fined them $250 plus $2,092 in legal costs and expenses with leave to purge by installment payments of $40 per week, individually, jointly, or severally, and authorized, in the event of a default, a further application for a warrant of commitment.

Order affirmed, with costs.

The defendants were adjudged to be in civil contempt after having submitted patently evasive responses to information subpoenas served upon them by the plaintiff in an enforcement proceeding relating to an unsatisfied judgment *(see,* CPLR 5224). This court reversed the order after finding that (1) although "appellants' responses were, on their face, false and evasive, amounting to no answer at all", they were entitled to a hearing since they purported to offer an explanation for their evasion, and (2) the order appealed from lacked a recital pursuant to Judiciary Law § 770 and an explanation as to how the amount of the fine imposed was determined *(Quantum Heating Servs. v Austern,* 100 AD2d 843).

A hearing was held in accordance with the order of this court whereupon both defendants testified as to their lack of income and assets. Jonathan Austern, 34 years of age, testified that he has been qualified to take the Bar since 1977, but instead maintains a real estate office, has never received any income and has no assets. Leon Austern, 37, testified that he is supported by his wife and that his father pays their rent. He has been a self-employed real estate broker since 1972 but testified that he has earned no income at all.

The hearing court's determination that the defendants' conduct was "calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies" of the plaintiff and that the defendants' claims "that [they] ha[d] at the time no means or property or income which could be levied upon" (Judiciary Law § 770) were unworthy of belief, are amply supported by the record. Moreover, the imposition of a fine which includes reasonable legal fees as part of statutorily recoverable costs and expenses is proper in the absence of actual damages (see, Judiciary Law § 773; *Bennett Bros. v Bennett Farmers Mkt. Corp.*, 16 AD2d 897).

We have examined the defendants' remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, Kooper and Spatt, JJ., concur.