■ CAROLANN HANSEN, Also Known as CAROLANN LOPEZ, Appellant, v ROBERT L. HANSEN, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Yachnin, J.), dated December 19, 1986, as awarded the defendant husband the sum of $211.60 per month at such time as the plaintiff wife begins receiving her New York State Teacher's Retirement System pension.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting from the fifth decretal paragraph thereof the amount of $211.60 and substituting therefor the amount of $141.07. As so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

At bar, the sole marital asset to be distributed was the plaintiff wife's pension. As stipulated by the parties, the pension increased in value during this five-year marriage, by an amount equal to $423.21 per month. The trial court determined that the defendant husband was entitled to one half of that amount, in light of the parties' equal contributions to the household expenses during the marriage. We disagree.

The evidence adduced at trial revealed that the plaintiff wife earned approximately two thirds of the parties' joint income. Although there was testimony to the effect that the parties contributed equally to the household expenses, the plaintiff wife further testified that she contributed savings from her earnings to meet those expenses. In view of the foregoing, the plaintiff wife virtually contributed all of her earnings toward the household expenses. After considering all of the facts of this case, including the fact that the plaintiff took a six-month leave of absence from her job to care for the parties' infant son, we find that the portion of the pension that was marital property should have been distributed in a manner consistent with the parties' contributions during marriage, viz., two thirds to the plaintiff wife and one third to the defendant husband (see, Michalek v Michalek, 114 AD2d 655,

656, *lv denied* 69 NY2d 602; *Kobylack v Kobylack,* 111 AD2d 221, 222). Mangano, J. P., Brown, Harwood and Balletta, JJ., concur.