■ RICHARD PALMER, Appellant, v MARGARET PALMER, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from (1) so much of a judgment of the Supreme Court, Westchester County (Coppola, J.), dated April 18, 1988, as, after a nonjury trial, (a) awarded a 26% interest in the marital residence to him and a 74% interest therein to the defendant wife, (b) awarded all of the furniture and furnishings in the marital residence to the wife, and (c) directed that all of the parties' remaining assets held in their individual names be considered the individual property of the party in whose name each asset is held; (2) an order of the same court dated April 20, 1988, which denied his motion to

modify the judgment with respect to the above issues; and (3) an order of the same court dated June 8, 1988, which dismissed his motion for a new trial as untimely.

Ordered that the judgment is modified, on the law and the facts, by deleting from the fourth decretal paragraph thereof the words "including all the furnishings therein", and adding thereto the following: "each of the parties is awarded a 50% interest in the furnishings in the marital residence; the wife may either provide the husband with a distribution in kind of his interest, or pay him the sum of $15,000"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated April 20, 1988, is dismissed as academic in view of the disposition of the appeal from the judgment, without costs or disbursements; and it is further,

Ordered that the order dated June 8, 1988, is affirmed, without costs or disbursements.

Contrary to the husband's present contention, we discern no impropriety in the Trial Justice's distribution of a 74% interest in the marital residence to the wife and a 26% interest to the husband. The record demonstrates that the marriage endured for approximately 12 years and that the parties had no children. Moreover, the parties' income tax returns establish that the wife was the principal wage earner during this time, while the husband's earnings were generally insubstantial and erratic, thereby hampering his ability to meet day-to-day marital expenses, with the exception of the acquisition of furnishings as noted herein. Additionally, the record indicates that the wife performed substantially all of the usual and customary housekeeping duties during the parties' marriage. Under the peculiar circumstances of this case, we conclude that the Trial Justice's distribution of the marital residence between the parties, which approximated the ratio of the parties' respective earnings during the marriage, did not constitute an improvident exercise of discretion (see, *Kobylack v Kobylack,* 111 AD2d 221; *see also, Hansen v Hansen,* 137 AD2d 491).

Similarly, we perceive no error in the Trial Justice's distribution of the parties' remaining assets according to the identity of the party in whose name each asset is held.

However, we conclude that the Trial Justice erred in awarding all of the furnishings in the marital residence to the wife, inasmuch as the record demonstrates that the husband made

substantial economic contributions to the acquisition of these items. Accordingly, we find that the parties are each entitled to a 50% interest in the furnishings. Moreover, since these items were assigned an estimated value of $30,000 by the wife, we find that she may choose either to provide the husband with a distribution in kind of his interest, or to pay him the sum of $15,000 in lieu of a distribution in kind.

In view of the foregoing, the husband's appeal from the order dated April 20, 1988, which denied his motion to modify the judgment on the aforementioned grounds, is dismissed as academic.

Finally, the denial of the husband's motion for a new trial on the ground that the Trial Justice was unable to adjudicate the matter impartially due to personal problems was entirely proper. The motion was untimely (see, CPLR 4405), and, in any event, it consisted of sheer speculation and was unsupported by any substantiated facts. Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.