■ CELIA KAPLINSKY, Respondent, v MICHAEL KAPLINSKY, Appellant. [603 NYS2d 574] —In a matrimonial action in which the parties were divorced by judgment dated March 23, 1990, the former husband appeals (1) from an order of the Supreme Court, Kings County (Imperato, J.), entered December 10, 1990, which, after a hearing, *inter alia,* found him guilty of contempt for his failure to deliver to the wife a Get, (2) from an order of the same court, entered May 16, 1991, which denied his motion to vacate the order of arrest and warrant of commitment dated January 3, 1991, and (3) as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Schneier, J.), entered July 25, 1991, as, after a nonjury trial, awarded the former wife 75% of the marital property and awarded the former husband 25% of the marital property, and which directed that the cost of the trial minutes be apportioned equally between the parties.

Ordered that the order entered December 10, 1990, is affirmed; and it is further,

Ordered that the order entered May 16, 1991, is affirmed; and it is further,

Ordered that the judgment entered July 25, 1991, is affirmed insofar as appealed from; and it is further,

Ordered that the former wife is awarded one bill of costs.

We find that the Supreme Court properly held the former husband in contempt of court for his failure to deliver the former wife a Get pursuant to the stipulation of settlement entered into by the parties in open court, and incorporated in the parties' judgment of divorce dated March 23, 1990, in which he agreed to "remove any and all barriers to the wife's remarriage". Contrary to the former husband's contention, the hearing held on the former wife's contempt application did

not deal with a religious issue, in violation of Domestic Relations Law § 253 (9), which prohibits the court from inquiring into a religious issue. The former husband continually acknowledged that the giving of a Get was the only acceptable way to effect a Jewish divorce and thus to comply with Domestic Relations Law § 253. Moreover, we find that the Supreme Court had the authority to enforce its contempt order by imposing a term of imprisonment *(see, Shragai v Shragai,* Sup Ct, NY County, Aug. 20, 1987, Tyler, J., *affd* 136 AD2d 977), and withholding all economic benefits from the former husband until he purged himself of his contempt *(see, Friedenberg v Friedenberg,* 136 AD2d 593, 596; *Waxstein v Waxstein,* 90 Misc 2d 784, *affd* 57 AD2d 863; *Matter of "Rubin" v "Rubin",* 75 Misc 2d 776).

The issue as to whether Domestic Relations Law § 253 is unconstitutional is unpreserved for appellate review, and we decline to reach that issue in the exercise of our interest of justice jurisdiction. We have reviewed the former husband's remaining contentions regarding his contempt adjudication and find them to be without merit.

With respect to the trial on the financial issues, we find that the Supreme Court sufficiently set forth "the factors it considered and the reasons for its decision" (Domestic Relations Law § 236 [B] [5] [g]). It was proper for the Supreme Court to consider the parties' relative economic contributions to the marriage in arriving at a formula for the distribution of the marital property *(see,* Domestic Relations Law § 236 [B] [5] [d] [1]; *Palmer v Palmer,* 156 AD2d 651; *Kobylack v Kobylack,* 111 AD2d 221, 222; *Michalek v Michalek,* 114 AD2d 655). The Supreme Court properly considered the wife's contributions as the primary homemaker and caretaker of the parties' four children in determining the parties' respective equitable interest in the marital property *(see,* Domestic Relations Law § 236 [B] [5] [d] [6]; *Price v Price,* 69 NY2d 8, 14; *Robinson v Robinson,* 166 AD2d 428, 429-430; *Palmer v Palmer, supra; Enslein v Enslein,* 112 AD2d 973). The Supreme Court did not improvidently exercise its discretion in directing that the cost of the trial minutes be apportioned equally between the parties *(see, Megally v Megally,* 142 AD2d 721).

We have considered the former husband's remaining contentions regarding the trial on the financial issues and find them to be without merit. Bracken, J. P., Sullivan, Eiber and O'Brien, JJ., concur.