■ ELLEN FISCHER, Appellant, v EDDIE FISCHER, Also Known as ZEV FISCHER, Respondent. [655 NYS2d 630] —In a matrimonial action in which the parties were divorced by judgment dated December 16, 1993, the plaintiff former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Patterson, J.), dated March 18, 1996, as denied those branches of her motion which were (1) to remand the de-

fendant former husband to the custody of the New York City Commissioner of Correction on the ground that he failed to comply with the purging provisions of an order of the same court dated July 5, 1995, which found him to be in contempt of court, and (2) for attorney's fees.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff former wife's motion which were (1) to remand the defendant former husband to the custody of the New York City Commissioner of Correction on the ground that he failed to comply with the purging provisions of the order dated July 5, 1995, and (2) for attorney's fees are granted, and the matter is remitted to the Supreme Court, Kings County, for a determination as to the amount of attorney's fees.

Pursuant to a stipulation of settlement and the divorce judgment, the former husband promised to submit to the jurisdiction of a rabbinical court and voluntarily give the former wife a Jewish divorce known as a "get", without which she may not remarry within her faith. The judgment further provided that the former husband would pay weekly child support. However, the former husband repeatedly refused to cooperate in obtaining the "get", and he failed to pay child support. The former wife obtained money judgments for the support arrears, and, finally, moved to hold the former husband in contempt for his failure to pay child support and comply with the provisions of the divorce judgment regarding the procurement of a "get".

The Supreme Court issued an order holding the former husband in contempt and committing him to jail. The contempt order provided that the former husband could purge the contempt by paying $4,000 in support arrears, arranging for the payment of the remainder of the arrears pursuant to an agreed upon schedule, and fully cooperating in obtaining the "get". Although the former husband paid $4,000 and arranged to appear before the rabbinical court, he failed to voluntarily give the "get" and he failed to set up a payment schedule for the continuously mounting arrears. Upon the wife's further motion to enforce the contempt order, the court held that the former husband had purged himself of the contempt. We disagree.

The New York courts have enforced precisely the type of stipulation which the parties entered into in the present case, by compelling the breaching party to comply by use of fines or by the *withholding* of civil economic relief *(see, Avitzur v Avitzur,* 58 NY2d 108, 115, *cert denied* 464 US 817; *see also, Kaplinsky v Kaplinsky,* 198 AD2d 212 [term of imprisonment

imposed and all economic benefits for former husband withheld until he purged himself of contempt]; *Golding v Golding,* 176 AD2d 20; *Waxstein v Waxstein,* 90 Misc 2d 784, *affd* 57 AD2d 863).

The record clearly indicates that the former husband did not voluntarily give the "get". Thus, he did not purge himself of that aspect of the contempt. Moreover, since the former husband has made no effort to arrange for the payment of the support arrears, and the record indicates that he has avoided most of his support obligations since the divorce judgment was entered in 1993, a single payment of $4,000 is insufficient to purge himself of the financial aspect of the contempt.

Furthermore, the former wife was entitled to an award of attorney's fees in connection with her attempt to enforce the contempt order, since the record indicates that the former husband's failure to comply was willful *(see,* Domestic Relations Law § 237 [c]). O'Brien, J. P., Ritter, Krausman and Goldstein, JJ., concur.