■ MELVIN KOPLOW, Appellant-Respondent, v ANNETTE KOPLOW, Respondent-Appellant. [687 NYS2d 715] —In a matrimonial action in which the parties were divorced by judgment dated August 17, 1976, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Deutsch, J.H.O.), entered August 19, 1997, as, after a hearing, directed that he continue to make alimony payments in accordance with the parties' stipulation of settlement which was incorporated but not merged in the judgment of divorce, and the defendant cross-appeals from so much of the same order as denied her an award of arrears of alimony, and summer camp and private school tuition expenses and denied her an award of an attorney's fee. Justice Ritter has been substituted for former Associate Justice Copertino (*see,* 22 NYCRR 670.1 [c]).

Ordered that the order is modified by deleting the provisions thereof denying the defendant an award of arrears of alimony and an award of an attorney's fee insofar as it concerned her claim to recover such arrears of alimony and substituting therefor provisions granting the defendant that relief; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant, and the matter is

remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

In light of the failure of the plaintiff former husband to demonstrate injury, change of position, or other disadvantage arising from the delay of the defendant former wife in seeking alimony arrears, the court erred in applying the doctrine of laches to the defendant's claim for an award of those arrears (*see, Haberman v Haberman,* 216 AD2d 525; *Reed v Reed,* 195 AD2d 451; *Labita v Labita,* 147 AD2d 535). Further, the defendant was entitled to interest on such alimony arrears (*see,* Domestic Relations Law § 244; *Silvester v Silvestrelli,* 204 AD2d 427) and, because the plaintiff's default was willful, the defendant was entitled to an award of an attorney's fee insofar as a fee was incurred concerning that issue (*see,* Domestic Relations Law § 237; *Fischer v Fischer,* 237 AD2d 559).

The parties' remaining contentions are without merit. Mangano, P. J., Ritter, Joy and Florio, JJ., concur.