■ Diane Ellen Dankner, Respondent, v John Edwin Steefel, Appellant. [838 NYS2d 601]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from (1) so much of an order of contempt of the Supreme Court, Westchester County (Donovan, J.), dated May 18, 2006, as, after a hearing, granted those branches of the plaintiff's motion which were pursuant to CPLR 3215 for a default judgment on the second, third, fourth, fifth, sixth, and seventh causes of action and to hold him in contempt of court for failure to comply with the requirements of a certain so-ordered stipulation of settlement dated July 28, 2005, directed him to comply with stated provisions of the so-ordered stipulation of settlement by 12:00 p.m. on May 19, 2006 and conditionally imposed sanctions and penalties, including incarceration on weekends for a period of six months and, in effect, fines totaling up to $75,000 in the event of noncompliance with the terms of the order of contempt, and (2) an order of commitment of the same court, also dated May 18, 2006, which, upon the order of contempt, and subject to the submission by the plaintiff, inter alia, of an affidavit attesting to the defendant's failure and refusal to comply with the order of contempt, directed, inter alia, that he be incarcerated in the Westchester County jail on weekends for a period of six months. By decision and order on motion dated May 26, 2006, this Court granted that branch of the appellant's motion which was to stay enforcement of the order of contempt and the order of commitment pending hearing and determination of the appeals.

Ordered that the order of contempt is modified, on the law, the facts, and in the exercise of discretion, by deleting the second, third, fourth, and fifth decretal paragraphs thereof, directing the appellant, inter alia, to comply with stated provisions of the so-ordered stipulation of settlement and conditionally imposing sanctions and penalties, including incarceration on weekends for a period of six months and, in effect, fines totaling up to $75,000, and substituting therefor provisions directing the defendant to pay to the plaintiff a fine in the sum of $1,000 as a sanction for his prior contempt, and directing the defendant to deliver to the plaintiff all items of property listed on the schedule attached to the so-ordered stipulation, except for those items previously delivered to the plaintiff and for which the plaintiff has already acknowledged receipt; as so modified, the order of contempt is affirmed insofar as appealed from, without costs or disbursements, and the order of commitment is vacated; and it is further,

Ordered that the appeal from the order of commitment is dismissed as academic, without costs or disbursements, in light of our determination of the appeal from the order of contempt; and it is further,

Ordered that within 30 days after service upon him of a copy of this decision and order, the defendant shall pay to the plaintiff the fine in the sum of $1,000 as a sanction for his prior contempt and shall deliver to the plaintiff all items of property listed on the schedule attached to the so-ordered stipulation except for those items previously delivered to the plaintiff and for which the plaintiff has already acknowledged receipt; and it is further,

Ordered that, in the event that any items of property listed on the schedule attached to the so-ordered stipulation remain undelivered following the expiration of the deadline imposed in this decision and order, the Supreme Court, Westchester County, shall hold an inquest to establish a final list of all such undelivered items and their corresponding values, and the plaintiff shall thereafter be awarded partial judgment against the defendant in that amount on her second cause of action for conversion.

Pursuant to the Judiciary Law, a court may punish a party to a pending civil action by fine and/or imprisonment for disobedience to its lawful mandate which disobedience may defeat, impair, impede, or prejudice a right or remedy of another party to the action (see Judiciary Law § 753 [A] [3]). In order to sustain a finding of civil contempt based upon a violation of a court order, " 'it is necessary to establish that a lawful court order clearly expressing an unequivocal mandate was in effect and

the person alleged to have violated the order had actual knowledge of its terms' " (*Raphael v Raphael*, 20 AD3d 463 [2005], quoting *Ottomanelli v Ottomanelli*, 17 AD3d 647, 648 [2005]). Moreover, the moving party bears the burden of proving contempt by clear and convincing evidence (*see Raphael v Raphael, supra*).

The record in this case supports the Supreme Court's determination, made after a hearing, that the defendant knowingly and willfully disobeyed the clear and unequivocal provisions of a so-ordered stipulation of settlement, dated July 28, 2005, which required him, inter alia, to deliver to the plaintiff all of the personal property listed on a schedule attached to the stipulation. Contrary to the defendant's contention, the Supreme Court properly determined that the schedule constituted an admission by the defendant that each and every item listed thereon was the plaintiff's personal property. The defendant repeatedly failed to provide any response with respect to several items listed on the schedule, including a diamond ring which the plaintiff claims is worth $25,000, and improperly attempted to dispute ownership of other items. Nor can it be disputed that the defendant's misconduct was calculated to defeat, impair, impede, or prejudice the plaintiff's rights or remedies, as is required for a finding of civil contempt pursuant to Judiciary Law § 753(A) (*see Raphael v Raphael*, 20 AD3d 463, 464 [2005]; *cf. Stempler v Stempler*, 200 AD2d 733, 734 [1994]).

Nevertheless, we find that the court improperly, in effect, imposed fines totaling $75,000 for the defendant's contempt, in addition to incarceration on weekends for a period of six months, apparently without any opportunity to purge the contempt. Accordingly, we modify the order of contempt to the extent indicated and vacate the order of commitment.

Contrary to the defendant's contention, we discern no basis to disturb the Supreme Court's granting of those branches of the plaintiff's motion which were pursuant to CPLR 3215 for a default judgment on the second, third, fourth, fifth, sixth, and seventh causes of action (*see* CPLR 3215, 5015 [a] [1]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur.