DAVID SCHWARTZ, Respondent-Appellant, v MELANIE SCHWARTZ, Appellant-Respondent. [913 NYS2d 313]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her notice of appeal and brief, from stated portions of an order of the Supreme Court, Queens County (Lebowitz, J.), dated July 20, 2009, which, inter alia, denied that branch of her motion which was, in effect, to hold the plaintiff in contempt of court for failure to comply with a "so-ordered stipulation" dated March 20, 2008, and a prior order of the same court dated November 3, 2008, directing him, among other things, to cooperate in all phases of obtaining a Get on behalf of the defendant, denied that branch of her motion which was for an award of attorney's fees, and, sua sponte, struck the action from the active trial calendar, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted the defendant's separate motion to permanently stay his demand for arbitration before a religious tribunal.

Ordered that on the Court's own motion, the defendant's notice of appeal from so much of the order as, sua sponte, struck the action from the active trial calendar is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the defendant's motion which was, in ef-

fect, to hold the plaintiff in contempt of court for failure to comply with a "so-ordered stipulation" dated March 20, 2008, and a prior order of the same court dated November 3, 2008, directing him, among other things, to cooperate in all phases of obtaining a Get on behalf of the defendant and substituting therefor a provision granting that branch of the motion, (2) deleting the provision thereof denying that branch of the defendant's motion which was for an award of attorney's fees and substituting therefor a provision granting that branch of the motion, and (3) deleting the provision thereof, sua sponte, striking the action from the active trial calendar; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The plaintiff David Schwartz (hereinafter the husband) and the defendant Melanie Schwartz (hereinafter the wife) are Orthodox Jews who were married in a civil ceremony in May 2006 and, thereafter, married in a religious ceremony in August 2007. In November 2007 the husband commenced this action for a divorce and ancillary relief.

On March 20, 2008, the parties appeared before the Supreme Court, and the husband advised the court that he was not asking for maintenance, had taken every step within his power to remove any barrier to the wife's remarriage, and would take any other steps necessary to remove any barrier to the wife's remarriage. On that date, the parties entered into a written stipulation (hereinafter the stipulation), "so-ordered" by the court, which provided, inter alia, that the husband would be granted a divorce on the ground of constructive abandonment and that there would be no claims by either party for maintenance or equitable distribution. The stipulation also provided that, prior to the wife's return to England on March 31, 2008, the parties would appear at the Beth Din Beth Joseph in Brooklyn (hereinafter the Beth Din) "for the purpose of a 'Get'" and that "the parties may opt for a Zabla" (a "Get" is a Jewish divorce decree, without which the wife may not remarry within her faith, and a Beth Din is "a rabbinical tribunal having authority to advise and pass upon matters of traditional Jewish law" [*Avitzur v Avitzur*, 58 NY2d 108, 112 (1983), *cert denied* 464 US 817 (1983); *see Fischer v Fischer*, 237 AD2d 559, 560 (1997)]).

The husband failed to appear at the Beth Din by March 31, 2008, and the wife moved to hold him in contempt of court for his failure to comply with the stipulation and for an award of

attorney's fees incurred in making that motion. In an order dated November 3, 2008 (hereinafter the November 2008 order), the Supreme Court granted the wife's motion to the extent of directing the husband to "cooperate in all phases of obtaining a Get" on behalf of the wife. The court directed that "the process of obtaining the Get" was to be commenced within 20 days after service upon the husband of the November 2008 order with the notice of entry "and shall be completed no later than 30 days thereafter," and that the husband's failure to comply with the November 2008 order within the specified time frame "will result in his being found guilty of contempt and subject to imprisonment." In addition, although the Supreme Court denied that branch of the wife's motion which was for an award of attorney's fees, it permitted her to renew that branch of her motion upon the submission of necessary documentation as to such fees.

The husband appealed from the November 2008 order and, on or about December 10, 2008, made an unsuccessful motion in this Court to stay its enforcement. Ultimately, the husband's appeal from the November 2008 order was dismissed by decision and order on motion of this Court for failure to perfect in accordance with the rules of this Court (see 22 NYCRR 670.8 [h]).

The husband appeared before the Beth Din on December 14, 2008. However, by letter dated December 15, 2008, the Beth Din declined his "request" that it "supervise the execution of the [G]et" based upon its conclusion that the husband would be executing the Get under duress resulting from the terms of the November 2008 order. Thereafter, in a demand for arbitration dated January 1, 2009, the husband demanded, "pursuant to the Stipulation executed on March 20, 2008," that the wife present herself for arbitration before the Beth Din.

In January 2009 the wife moved, inter alia, in effect, to hold the husband in contempt of court for failure to comply with the stipulation and the November 2008 order and for an award of attorney's fees related to both the instant motion and her motion determined by the November 2008 order. Separately, she moved to permanently stay the husband's demand for arbitration. In an order dated July 20, 2009, the Supreme Court, among other things, in effect, denied those branches of the wife's motion which were to hold the husband in contempt of court and for an award of attorney's fees, but granted her separate motion to permanently stay the husband's demand for arbitration. Additionally, the court, sua sponte, struck the action from the active trial calendar "until the parties have resolved their

outstanding differences." The wife appeals and the husband cross-appeals from that order. We modify.

The Supreme Court improvidently exercised its discretion in denying that branch of the wife's motion which was, in effect, to hold the husband in contempt of court for failure to comply with the Stipulation and the November 2008 order. We note that this matter can be decided solely upon the application of neutral principles of law, without reference to any religious principles or doctrine (*see Jones v Wolf*, 443 US 595, 602-603 [1979]; *Avitzur v Avitzur*, 58 NY2d at 114-115). " 'A so-ordered stipulation is a contract between the parties thereto and as such, is binding on them and will be construed in accordance with contract principles and the parties' intent' " (*Tutt v Tutt*, 61 AD3d 967, 968 [2009], quoting *Aivaliotis v Continental Broker-Dealer Corp.*, 30 AD3d 446, 447 [2006]; *see Orra Realty Corp. v Gillen*, 76 AD3d 1056, 1058 [2010]). With regard to that branch of the wife's motion which was to hold the husband in contempt of court, "the relief sought by [the wife] . . . is simply to compel [the husband] to perform a secular obligation to which he contractually bound himself" (*Avitzur v Avitzur*, 58 NY2d at 115), and "[t]he New York courts have enforced precisely the type of stipulation which the parties entered into in the present case, by compelling the breaching party to comply by use of fines or by the withholding of civil economic relief" (*Fischer v Fischer*, 237 AD2d at 560; *see Kaplinsky v Kaplinsky*, 198 AD2d 212, 212-213 [1993]; *Margulies v Margulies*, 42 AD2d 517 [1973]).

A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court (*see Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d 944, 946 [2009]). To sustain a finding of civil contempt based upon a violation of a court order, it is necessary to establish that a lawful court order clearly expressing an unequivocal mandate was in effect and the person alleged to have violated the order had actual knowledge of its terms (*see* Judiciary Law § 753; *Delijani v Delijani*, 73 AD3d 972, 973 [2010]; *Dankner v Steefel*, 41 AD3d 526, 527-528 [2007]). The moving party bears the burden of proving contempt by clear and convincing evidence (*see Dankner v Steefel*, 41 AD3d at 528; *Vujovic v Vujovic*, 16 AD3d 490, 491 [2005]).

Here, the record demonstrates, by clear and convincing evidence, that the husband knowingly and willfully disobeyed both the clear and unequivocal provisions of the stipulation which required him, inter alia, to appear at the Beth Din prior to March 31, 2008, "for the purpose of a 'Get'," and the clear and unequivocal provisions of the November 2008 order, which

required him, inter alia, to cooperate in all phases of obtaining a Get on behalf of the wife and to complete the process of obtaining a Get within a specified time (*see Dankner v Steefel*, 41 AD3d at 528). The husband failed to appear before the Beth Din until approximately nine months after he contractually bound himself to do so through his entry into the stipulation. Moreover, before he appeared at the Beth Din on December 14, 2008, he moved in this Court to stay enforcement of the November 2008 order, and shortly after his December 2008 appearance at the Beth Din, he served the wife with a demand to appear for arbitration before the Beth Din. In short, the record clearly supports a finding of civil contempt based upon the husband's failure to appear before the Beth Din prior to March 31, 2008, as required by the stipulation, and further failure to cooperate in all phases of obtaining a Get, as required under the terms of the November 2008 order (*see Fischer v Fischer*, 237 AD2d at 561; *Kaplinsky v Kaplinsky*, 198 AD2d at 212-213).

Moreover, the Supreme Court should have granted that branch of the wife's motion which was for an award of attorney's fees. "Judiciary Law § 773 permits recovery of attorney's fees from the offending party by a party aggrieved by the contemptuous conduct" (*Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532, AFT, AFL-CIO*, 249 AD2d 435, 435 [1998]; *see Bell v White*, 77 AD3d 1241, 1244-1245 [3d Dept 2010]; *Quantum Heating Servs. v Austern*, 121 AD2d 437, 438 [1986]). In this case, the attorney's fees incurred by the wife in connection with her motion determined by the November 2008 order, and in connection with her motion determined by the order appealed from, are directly related to the husband's contemptuous conduct (*see Bell v White*, 77 AD3d 1241, 1244-1245 [2010]). Moreover, in accordance with the November 2008 order, the wife's instant motion was supported by documentation concerning the attorney's fees associated with her motion determined by that order. Accordingly, we grant that branch of the wife's motion which was for an award of attorney's fees and remit this matter to the Supreme Court, Queens County, for a determination of the amount of attorney's fees to which she is entitled (*see Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532, AFT, AFL-CIO*, 249 AD2d 435 [1998]).

The trial court has the inherent authority to manage its calendar in balancing the litigants' rights against the demands of the calendar (*see Tirado v Miller*, 75 AD3d 153, 161 [2010]; *Zeitlin v Greenberg, Margolis, Ziegler, Schwartz, Dratch, Fishman, Franzblau & Falkin*, 262 AD2d 406 [1999]). Nevertheless,

under the particular circumstances of this case, the Supreme Court improvidently exercised its discretion by, sua sponte, striking this action from the active trial calendar until the parties resolved their outstanding differences (*cf. Tirado v Miller*, 75 AD3d at 161). Accordingly, we delete that provision of the order appealed from.

Finally, the Supreme Court properly granted the wife's separate motion to permanently stay the husband's demand for arbitration before the Beth Din. "An agreement to arbitrate must be clear, explicit and unequivocal, and must not depend upon implication or subtlety" (*Messiah's Covenant Community Church v Weinbaum*, 74 AD3d 916, 918 [2010]; *see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006]; *Matter of Waldron [Goddess]*, 61 NY2d 181, 183-184 [1984]). Here, contrary to the husband's contention, the stipulation does not contain a clear, explicit and unequivocal agreement or mandate to arbitrate (*see Messiah's Covenant Community Church v Weinbaum*, 74 AD3d at 918; *Sieger v Sieger*, 297 AD2d 33, 36-37 [2002]).

The wife's remaining contentions either are without merit or need not be reached in light of our determination. Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.