■ LAURA MANNING, Respondent, v WILLIAM MANNING, Appellant. [920 NYS2d 126]—

In order to sustain a finding of civil contempt under Judiciary Law § 753 based on a violation of a court order, it is necessary to establish by clear and convincing evidence that a lawful court order clearly expressing an unequivocal mandate was in effect, that the person alleged to have violated the order had actual knowledge of its terms, and that the violation has defeated, impaired, impeded, or prejudiced the rights of a party (*see Schwartz v Schwartz*, 79 AD3d 1006, 1009 [2010]; *Dankner v Steefel*, 41 AD3d 526, 527-528 [2007]; *Hinkson v Daughtry-Hinkson*, 31 AD3d 608 [2006]). Here, the evidence was sufficient to establish that the defendant knowingly disobeyed the Supreme Court's order directing him to pay an expert to ascertain the value of his business and also failed to comply with the pendente lite support order. Consequently, the Supreme Court properly adjudicated the defendant in contempt of court.

A court is not required to rely upon a party's account of his or her finances in determining that party's income (*see DeSouza-Brown v Brown*, 71 AD3d 946, 947 [2010]). Under the circumstances here, the Supreme Court properly imputed the sum of only $15,000 in annual income to the plaintiff and the sum of $100,000 in annual income to the defendant (*see Khaimova v Mosheyev*, 57 AD3d 737, 737-738 [2008]; *Matter of Thompson v Perez*, 42 AD3d 503, 504 [2007]).

The Supreme Court did not improvidently exercise its discretion in rejecting the defendant's claim that he should have been credited for overpayments of child support (*see Johnson v Chapin*, 12 NY3d 461, 466 [2009]). Further, the Supreme Court's determination regarding arrears, equitable distribution, child support, and maintenance rested largely on its credibility assessments, and it was in the best position to gauge the credibility of the parties. Consequently, we afford its credibility determinations great deference on appeal (*see Fugazy v Fugazy*, 44 AD3d 613, 615 [2007]). Under the circumstances here, we decline to disturb the Supreme Court's determinations with respect to these contested issues (*id.; see Peritore v Peritore*, 66 AD3d 750, 753 [2009]).

The Supreme Court did not err in directing the defendant to contribute his pro rata share of the expenses related to the religious schooling of the children (*see Chan v Chan*, 267 AD2d 413, 414 [1999]). In addition, the counsel fee award to the plaintiff was not improper (*see Johnson v Chapin*, 12 NY3d at 467).

We agree with the defendant's remaining contention that the Supreme Court erred in directing him to transfer title to certain commercial real property to the plaintiff. The commercial property at issue was owned by a corporation over which the Supreme Court lacked jurisdiction. We note that the Supreme Court has since issued an order dated April 29, 2010, in which it corrected its decision on two issues. Accordingly, we remit the matter to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

The plaintiff's contentions regarding the order dated April 29, 2010, are not properly before us on this appeal. Moreover, since the plaintiff has not taken a cross appeal from the judgment, we have not considered her contention that the defendant was improperly given a credit for money he allegedly used for the downpayment on the marital residence. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.