█ SHERRIE VIDER, Appellant, v ESTHER VIDER, Respondent. ESTATE OF HELEN WOLF et al., Additional Counterclaim Defendants-Appellants. [925 NYS2d 189]—

In an action to quiet title to real property, the plaintiff and the additional counterclaim defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Blydenburgh, J.), entered December 2, 2009, as, upon an order of the same court dated October 29, 2009, made after a hearing, inter alia, granting that branch of the motion of the defendant, Esther Vider, as executor of the estate of Sal Vider, which was pursuant to CPLR 5104 to hold them in contempt of court, directed them to comply with the terms of a stipulation of settlement and to forfeit the sum of $35,000 being held in escrow to the defendant, Esther Vider, as executor of the

estate of Sal Vider, as a punishment for their contempt of court, and awarded the defendant, Esther Vider, as executor of the estate of Sal Vider, an attorney's fee in the principal sum of $20,183.43.

Ordered that the judgment is modified, on the law, (1) by deleting the third decretal paragraph thereof awarding the defendant, Esther Vider, as executor of the estate of Sal Vider, an attorney's fee in the principal sum of $20,183.43, and substituting therefor a provision awarding that defendant an attorney's fee in the principal sum of $19,211.75, and (2) by deleting the last decretal paragraph thereof directing that the $35,000 being held in escrow be forfeited by the plaintiff and the additional counterclaim defendants to the defendant, Esther Vider, as executor of the estate of Sal Vider, as a punishment for their contempt of court and substituting therefor a provision directing the plaintiff and the additional counterclaim defendants to pay a fine in the sum of $250 for contempt of court to the defendant, Esther Vider, as executor of the estate of Sal Vider; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs awarded to the defendant, Esther Vider, as executor of the estate of Sal Vider, payable by the plaintiff and the additional counterclaim defendants, and the order dated October 29, 2009, is modified accordingly.

"In order to sustain a finding of civil contempt under Judiciary Law § 753 based on a violation of a court order, it is necessary to establish by clear and convincing evidence that a lawful court order clearly expressing an unequivocal mandate was in effect, that the person alleged to have violated the order had actual knowledge of its terms, and that the violation has defeated, impaired, impeded, or prejudiced the rights of a party" (*Manning v Manning*, 82 AD3d 1057, 1058 [2011]; *see* Judiciary Law § 753; *Schwartz v Schwartz*, 79 AD3d 1006, 1009 [2010]; *Miller v Miller*, 61 AD3d 651, 652 [2009]). "A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (*Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d 944, 946 [2009]).

Here, the record demonstrates, by clear and convincing evidence, that the plaintiff, Sherrie Vider, also known as Sherrie Lerner, and the additional counterclaim defendants, the estate of Helen Wolf and the estate of Benjamin Wolf (hereinafter collectively Sherrie Vider and the estates), knowingly disobeyed an order of the Supreme Court dated October 24, 2006, directing them to comply with a stipulation of settlement by executing deeds as reasonably required to convey certain premises to the defendant, Esther Vider, as executor of the estate of Sal Vider

(hereinafter Vider's estate). The portion of that order directing them to comply with the stipulation was affirmed by this Court (*see Vider v Vider*, 46 AD3d 673, 674 [2007]), but Sherrie Vider and the estates still failed to comply. Further, the failure to comply "defeated, impaired, impeded, or prejudiced the rights" of Vider's estate (*Manning v Manning*, 82 AD3d at 1058). Consequently, the Supreme Court properly found Sherrie Vider and the estates in civil contempt of court.

Pursuant to Judiciary Law § 753, a court punishing a party for contempt can impose a fine or imprisonment, or both. " 'The Supreme Court exceeds its authority when it fashions a remedy not contemplated by the statute' " (*Wel-Made Enters., Inc. v Mid Is. Redi-Mix, Inc.*, 81 AD3d 717, 719 [2011], quoting *Parker v Top Homes, Inc.*, 58 AD3d 817, 819 [2009]). Where no actual damages are shown, the amount of a fine for civil contempt cannot exceed $250 (*see e.g. Matter of Christopher C.*, 298 AD2d 389 [2002]). Here, the Supreme Court exceeded its authority by directing that the $35,000 which was being held in escrow to be paid to Sherrie Vider and the estates pending confirmation of, among other things, the filing of the deed and transfer of the property, was to be returned to Vider's estate, "by reason of the willful, deliberate and blatant contempt" of Sherrie Vider and the estates. Further, there was no showing of actual damages. Accordingly, we find that Sherrie Vider and the estates should instead be directed to pay a fine in the statutory amount of $250.

" 'Judiciary Law § 773 permits recovery of attorney's fees from the offending party by a party aggrieved by the contemptuous conduct' " (*Schwartz v Schwartz*, 79 AD3d at 1010, quoting *Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532, AFT, AFL-CIO*, 249 AD2d 435, 435 [1998]; *see* Judiciary Law § 773). " [C]ounsel fees that are documented and directly related to contemptuous conduct are generally recoverable unless proven excessive or reduced in a court's reasoned decision' " (*Bell v White*, 77 AD3d 1241, 1244 [2010], quoting *Matter of Evans v Board of Assessment Review of Town of Catskill*, 300 AD2d 768, 768-769 [2002]). Here, most of the counsel fees sought were directly related to the contemptuous conduct. However, certain fees, pertaining to the substitution of Esther Vider, as executor of the estate of Sal Vider, were not. Accordingly, we reduce the fee award by the sum of $971.68, for a total principal sum of $19,211.75.

The remaining contentions of Sherrie Vider and the estates are without merit. Rivera, J.P., Florio, Dickerson and Eng, JJ., concur.