RONALD SUISS, Respondent, v MARCY R. BARON, Appellant. [966 NYS2d 481]—

In an action for the partition of certain real property, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Mayer, J.), dated November 1, 2010, which, inter alia, granted the plaintiff's motion to adjudge her in civil contempt of court, and (2) an order of the same court, also dated November 1, 2010, which, inter alia, directed the Sheriff of Suffolk County to remove all occupants from the subject premises.

Ordered that the orders are affirmed, with one bill of costs.

"To prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged with contempt willfully violated a clear and unequivocal mandate of a court's order, with knowledge of that order's terms, thereby

prejudicing the movant's rights" (*Rubin v Rubin*, 78 AD3d 812, 813 [2010]; *see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 225-226 [1994]; *McGrath v McGrath*, 85 AD3d 742 [2011]; *Matter of Philie v Singer*, 79 AD3d 1041, 1042 [2010]). Additionally, the movant has the burden of proving contempt by clear and convincing evidence (*see Matter of Philie v Singer*, 79 AD3d at 1042; *Vujovic v Vujovic*, 16 AD3d 490, 491 [2005]).

Here, the record demonstrates by clear and convincing evidence that the defendant failed to comply with an order of the Supreme Court dated October 13, 2010, which clearly and unequivocally directed her to either tender to the temporary receiver the sums due for use and occupancy of the subject real property or, in the alternative, surrender possession of the real property to the receiver, and that her willful failure to comply prejudiced the rights of the plaintiff. Accordingly, the Supreme Court properly, inter alia, granted the plaintiff's motion to adjudge the defendant in civil contempt of court (*see Vider v Vider*, 85 AD3d 906, 908 [2011]; *Rose v Levine*, 84 AD3d 1206, 1207-1208 [2011]; *Manning v Manning*, 82 AD3d 1057, 1058 [2011]).

In light of the Supreme Court's adjudication of contempt, the warrant of eviction was properly issued.

The defendant's remaining contentions are either raised improperly for the first time on appeal or without merit. Rivera, J.P., Leventhal, Austin and Miller, JJ., concur.

Motion by the appellant, on appeals from two orders of the Supreme Court, Suffolk County, both dated November 1, 2010, inter alia, to strike the respondent's brief on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated December 12, 2012, the branch of the motion which was to strike the respondent's brief on the ground that it refers to matter dehors the record was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which was to strike the respondent's brief on the ground that it refers to matter dehors the record is denied. Rivera, J.P., Leventhal, Austin and Miller, JJ., concur.