■ DEBRA WEISSMAN, Appellant, v RONALD WEISSMAN, Respondent. [18 NYS3d 59]—

Appeal from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated July 24, 2013. The order granted the defendant's motion to hold the plaintiff in civil contempt of a stipulation of settlement dated May 25, 2004, which was incorporated but not merged into a judgment of divorce dated November 28, 2005, suspended the defendant's obligation to make maintenance payments to the plaintiff for a period of eight months beginning August 1, 2013, imposed a fine upon the plaintiff in the sum of $7,500, and awarded the defendant an attorney's fee in the sum of $4,884.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof suspending the defendant's obligation to make maintenance payments to the plaintiff for a period of eight months beginning August 1, 2013, and (2) by deleting the provision thereof imposing a fine upon the plaintiff in the sum of $7,500, and substituting therefor a provision imposing a fine upon the plaintiff in the sum of $2,750; as so modified, the order is affirmed, without costs or disbursements.

The parties entered into a stipulation of settlement dated May 25, 2004, which was incorporated but not merged into a judgment of divorce dated November 28, 2005. In February 2012, the defendant moved to hold the plaintiff in contempt, alleging that she violated the stipulation's confidentiality provision. The stipulation prohibited either party from disclosing to third parties, other than medical or other professionals who were treating or assisting that party in their professional capacity, any of the allegations of misconduct by the parties which had been litigated in the action. In support, the defendant submitted, among other things, a letter from the plaintiff to the defendant's attorney, dated January 31, 2012, which was copied to eleven third parties. The letter mentioned one of the plaintiff's allegations of misconduct by the defendant which had been litigated in the action. The Supreme Court found the plaintiff in contempt for violating the confidentiality provision

of the stipulation. As penalties for the contempt, the court suspended the defendant's obligation to make his maintenance payments of $10,000 per month to the plaintiff for a period of eight months, imposed a fine upon the plaintiff in the sum of $7,500, and awarded the defendant an attorney's fee in the sum of $4,884.

The Supreme Court properly found the plaintiff in civil contempt since the defendant met his burden of demonstrating, by clear and convincing evidence, that the plaintiff had knowledge of the unequivocal mandate of the confidentiality provision of the stipulation, which was incorporated into the judgment of divorce, that she disobeyed that mandate by sending copies of the letter to eleven third parties who were not medical or other professionals who were assisting her in their professional capacity, and that the defendant was prejudiced thereby (*see* Judiciary Law § 753 [A] [3]; *Penavic v Penavic*, 109 AD3d 648, 649-650 [2013]; *Matter of Philie v Singer*, 79 AD3d 1041, 1042 [2010]; *Coyle v Coyle*, 63 AD3d 657, 658 [2009]; *Galanos v Galanos*, 46 AD3d 507, 508 [2007]; *Raphael v Raphael*, 20 AD3d 463, 464 [2005]).

Nevertheless, the plaintiff correctly contends that the Supreme Court exceeded its statutory authority by suspending the defendant's obligation to make his maintenance payments of $10,000 per month to the plaintiff for a period of eight months, and by imposing a fine upon the plaintiff in the sum of $7,500.

Pursuant to Judiciary Law § 753, a court punishing a party for contempt can impose a fine or imprisonment, or both (*see Vider v Vider*, 85 AD3d 906, 908 [2011]; *Wel-Made Enters., Inc. v Mid Is. Redi-Mix, Inc.*, 81 AD3d 717, 719 [2011]). "Where no actual damages are shown, the amount of a fine for civil contempt cannot exceed $250" (*Vider v Vider*, 85 AD3d at 908; *see* Judiciary Law § 773; *Matter of Christopher C.*, 298 AD2d 389 [2002]). "The Supreme Court exceeds its authority when it fashions a remedy not contemplated by the statute" (*Parker v Top Homes, Inc.*, 58 AD3d 817, 819 [2009]; *see Vider v Vider*, 85 AD3d at 908; *Wel-Made Enters., Inc. v Mid Is. Redi-Mix, Inc.*, 81 AD3d at 719).

Here, the defendant failed to make any showing of actual damages. Since the plaintiff copied the letter to eleven third parties, this is a case in which separate fines may be imposed for " 'multiple acts of disobedience' " (*Town Bd. of Town of Southampton v R.K.B. Realty, LLC*, 91 AD3d 628, 630 [2012], quoting *People v Metropolitan Police Conference of N.Y.*, 231 AD2d 445, 446 [1996]). Accordingly, the amount of the fine

imposed is reduced to the statutory maximum of $250 per third party, for a total of $2,750 (*see Matter of Christopher C.*, 298 AD2d at 390).

Contrary to the plaintiff's contentions, the Supreme Court properly awarded the defendant an attorney's fee pursuant to Judiciary Law § 773 (*see Vider v Vider*, 85 AD3d 906, 908 [2011]; *Schwartz v Schwartz*, 79 AD3d 1006, 1010 [2010]).

The parties' remaining contentions are without merit. Balkin, J.P., Roman, Maltese and Barros, JJ., concur.