Palmieri v Town of Babylon (2018 NY Slip Op 08317)





Palmieri v Town of Babylon


2018 NY Slip Op 08317


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2015-12449
 (Index No. 17598/99)

[*1]Paul Palmieri, appellant, 
v
Town of Babylon, respondent.


Judith N. Berger, Babylon, NY, for appellant.
Perry, Van Etten, Rozanski & Primavera, LLP, Melville, NY (Geoffrey H. Pforr of
counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for trespass, the plaintiff appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated October 29, 2015. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to hold the defendant and certain nonparties in contempt for failure to comply with a so-ordered stipulation of settlement dated July 17, 2004, and for costs and attorney's fees incurred in bringing the motion.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof denying those branches of the plaintiff's motion which were to hold the defendant in contempt for failure to comply with a so-ordered stipulation of settlement dated July 17, 2004, and for costs and attorney's fees incurred in bringing the motion, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.
The plaintiff commenced this action against the Town of Babylon, alleging that he was the owner of certain real property located adjacent to the Great South Bay, near the southern terminus of Little East Neck Road in the Town. The plaintiff alleged that, on several occasions, persons had entered the beach from Little East Neck Road and then trespassed along the beach to the plaintiff's lands lying to the east of the southern terminus of Little East Neck Road, where they engaged in vandalism and caused property damage. The plaintiff alleged that the Town had previously promised to install a fence with "no trespassing" signs to prevent access to his property, but failed to do so. The plaintiff sought monetary damages and a judgment directing the Town to install a fence to prevent trespassers. The Town answered the complaint and denied the allegations.
By so-ordered stipulation dated July 17, 2004, the parties settled the action, with the Town agreeing to "erect or have erected an eight foot high chain-link fence . . . having a gate secured by a lock, at the southern end of South Little East Neck Road . . . extending across the entire width of the Town's property at that location." The stipulation required the Town to erect the fence within 60 days, at its own expense.
In 2006, the Town moved to vacate the stipulation, arguing that construction of the [*2]fence would illegally cut off public access to navigable water. By order dated June 11, 2007, the Supreme Court granted the Town's motion, vacated the stipulation, and directed the parties to appear for further proceedings on the complaint. The plaintiff appealed and, in Palmieri v Town of Babylon (56 AD3d 740), this Court reversed and reinstated the stipulation, holding: "Here, the Town relied on the legal principle that an owner of land may not unreasonably interfere with the public's right to make use of navigable waters for the purposes of navigation and fishing. However, the fence does not restrict access to the use of Great South Bay. Rather, it restricts access to land on the shore of Great South Bay owned by the Town. Accordingly, the Town did not establish that the stipulation at issue is unlawful or violative of a public policy, warranting its vacatur" (id. at 741 [citations omitted]).
Rather than comply with the stipulation, in 2010, the Town moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint. The plaintiff opposed the motion and cross-moved, inter alia, to compel compliance with the terms of the stipulation and for sanctions. By order dated August 6, 2010, the Supreme Court denied the Town's motion and, in effect, granted that branch of the plaintiff's cross motion which was to compel compliance with the stipulation. The Town appealed that determination and, in Palmieri v Town of Babylon (87 AD3d 625, 626), this Court affirmed, holding that "the Town failed to establish any legal basis for the Supreme Court to ignore the parties' stipulation, which settled the dispute between them as alleged in the complaint."
In May 2014, the plaintiff moved, inter alia, to hold the Town and the individual members of the Town Council in contempt for failing to comply with the stipulation, and for costs and attorney's fees incurred in connection with bringing the motion.
In an affirmation in opposition, the Town's attorney affirmed that, upon commencing construction of the fence in accordance with the stipulation, the Town was "met with vigorous opposition to the installation of the fence by various neighbors" who threatened legal action against the Town, which led to the Town's subsequent efforts to vacate the stipulation. The Town also argued that Hurricane Sandy had altered the topography of the area such that the fence could no longer serve its objective.
After a court conference related to the plaintiff's motion, by letter dated May 13, 2015, the Town advised the Supreme Court and the plaintiff that it had applied to the Department of Environmental Conservation (hereinafter DEC) for a permit pursuant to the Rivers and Harbors Act "for the erection of the fence as required by the Stipulation of Settlement." The Town's permit application, dated April 8, 2015, depicts a proposed extension to an existing fence near the southern terminus of Little East Neck Road. Notably, the proposed fence extension is oriented in a north/south direction stretching out into Great South Bay, whereas the stipulation of settlement contemplated a fence oriented in an east/west direction across the entire width of Little East Neck Road.
On July 29, 2015, the parties appeared for a hearing to determine the plaintiff's motion. The plaintiff, who was the sole witness at the hearing, testified that the subject fence had never been constructed and that the Town's DEC permit application sought permission to construct a fence different from the one contemplated by the stipulation. The plaintiff testified that the fence proposed in the DEC permit application "doesn't even come close to what's in the so-ordered stipulation." While the hearing was ongoing, the Town informed the Supreme Court that the DEC had denied its permit application. The Town rested without calling any witnesses.
In an order dated October 29, 2015, the Supreme Court denied the plaintiff's motion in its entirety, concluding that the plaintiff failed to adduce evidence of willful and contumacious conduct on the part of the Town. In particular, the court found that the plaintiff failed to rebut the Town's claim that the fence must now be constructed over water and that DEC approval is required to do so. The plaintiff appeals.
As an initial matter, the Supreme Court should not have required the plaintiff to prove "willful and contumacious" conduct on the part of the Town. "In order to sustain a finding of civil [*3]contempt, it is not necessary that the disobedience be deliberate or willful; rather, the mere act of disobedience, regardless of its motive, is sufficient if such disobedience defeats, impairs, impedes or prejudices the rights of a party" (Jim Walter Doors v Greenberg, 151 AD2d 550, 551; see Union Temple of Brooklyn v Seventeen Dev., LLC, 162 AD3d 710, 714)
In order to adjudicate a party in civil contempt, a court must find: (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29). The party seeking a finding of civil contempt must prove these elements by clear and convincing evidence (see id. at 29).
Here, the plaintiff established by clear and convincing evidence that the so-ordered stipulation clearly expressed an unequivocal mandate to construct a fence "at the Southern end of South Little East Neck Road . . . extending across the entire width of the Town's property at that location," that the Town had knowledge of the stipulation and nevertheless disobeyed it, and that the plaintiff was prejudiced by the offending conduct.
In opposition, the Town failed to refute the plaintiff's showing or to offer evidence of a defense such as an inability to comply with the order (see Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964-965). The Town, which offered no witnesses at the hearing, failed to establish that DEC approval is required to comply with the stipulation. The Town's permit application for the construction of a fence extending into Great South Bay is entirely different from the fence contemplated under the parties' stipulation, and the Town failed to establish that any regulation prevents it from constructing the fence it promised to erect in 2004, approximately 14 years ago. Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to hold the Town in civil contempt for failing to comply with the stipulation, as well as that branch of the plaintiff's motion which was for an award of costs and attorney's fees incurred in connection with bringing the motion (see Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 132 AD3d 684, 685; Schwartz v Schwartz, 79 AD3d 1006, 1010).
However, the plaintiff failed to establish that the individual members of the Town Council should be held in contempt and, therefore, we agree with the Supreme Court's denial of that branch of the plaintiff's motion which was to hold them in contempt.
We remit the matter to the Supreme Court, Suffolk County, for further proceedings to determine the extent of the plaintiff's financial losses caused by the Town's contempt, to impose an appropriate fine (see Judiciary Law § 773; Cassarino v Cassarino, 149 AD3d 689, 692), and for a determination as to the amount of costs and attorney's fees to which the plaintiff is entitled (see Schwartz v Schwartz, 79 AD3d at 1010).
In light of our determination, the plaintiff's contention that he was prejudiced by the Supreme Court's failure to enforce certain subpoenas ad testificandum is academic.
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court