Matter of DeRosa v Gong (2023 NY Slip Op 04379)

Matter of DeRosa v Gong

2023 NY Slip Op 04379

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-07160

[*1]In the Matter of Rosemarie DeRosa, etc., respondent, 
v
Grace Gong, appellant, et al., respondents. (File No. 391562/16)

Joseph C. Andruzzi, Bethpage, NY, for appellant.
Vlock & Associates, P.C., New York, NY (Steven P. Giordano of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, to enforce an order dated May 8, 2020, granting the petitioner's prior petition to hold Grace Gong in contempt, Grace Gong appeals from an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, J.), dated July 16, 2021. The order dated July 16, 2021, insofar as appealed from, granted that branch of the petitioner's motion which was for an award of attorney's fees, which included disbursements, associated with Grace Gong's contemptuous conduct, and directed Grace Gong to pay the petitioner's counsel the sum of $14,105.25.
ORDERED that the order dated July 16, 2021, is modified, on the law, by deleting the provision thereof directing Grace Gong to pay the petitioner's counsel the sum of $14,105.25; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Nassau County, for a hearing to determine the amount of reasonable attorney's fees and disbursements to be awarded to the petitioner.
Following the death of Joseph Marasciullo (hereinafter the decedent), the petitioner, who was the administrator of the decedent's estate, commenced an eviction proceeding in the Surrogate's Court to remove the appellant from the decedent's property and to recover use and occupancy thereof. The matter was ultimately settled by the parties in open court pursuant to a written stipulation of settlement dated May 14, 2018, which was executed by the parties and so-ordered by the court. The stipulation required the appellant to pay the petitioner $17,250 within 20 days of the date of the stipulation, of which the petitioner received only $6,000. The petitioner served two post-judgment judicial subpoenas duces tecum and restraining notices upon the appellant dated March 5, 2019, and August 15, 2019, respectively, directing the appellant to produce various documents and to appear for depositions. The appellant failed to appear or to produce the requested documents. In an order dated May 8, 2020, the court found the appellant in contempt for failing to comply with both the so-ordered stipulation and the judicial subpoenas. The appellant did not appeal from this order.
By notice of motion dated September 28, 2020, the petitioner moved (1) to enforce the May 8, 2020, order of contempt by compelling the appellant to make the remaining payment of $11,250, as ordered by the so-ordered stipulation of settlement dated May 14, 2018, (2) to punish the appellant for continued contempt of, violation of, and noncompliance with the so-ordered [*2]stipulation and the judicial subpoena duces tecum dated March 5, 2019, and (3) for an order of commitment and an award of attorney's fees attributable to the appellant's contemptuous conduct. In an order dated July 16, 2021, the Surrogate's Court, inter alia, granted that branch of the petitioner's motion which was for an award of attorney's fees, which included disbursements, and directed the appellant to pay the petitioner's counsel the requested sum of $14,105.25. This appeal ensued.
"'Judiciary Law § 773 permits recovery of attorney's fees from the offending party by a party aggrieved by the contemptuous conduct'" (Vider v Vider, 85 AD3d 906, 908, quoting Schwartz v Schwartz, 79 AD3d 1006, 1010 [internal quotation marks omitted]; see Judiciary Law § 773). "'Attorney's fees that are documented and directly related to the contemptuous conduct are generally recoverable unless they are proven excessive or reduced by the court in a reasoned decision'" (Matter of Guy v Weichel, 173 AD3d 1027, 1028, quoting Matter of Gonnard v Guido, 141 AD3d 649, 650; see Vider v Vider, 85 AD3d at 908).
Here, the documented attorney's fees submitted by the petitioner were for services "directly related to the [appellant's] contemptuous conduct," and are therefore recoverable (Matter of Guy v Weichel, 173 AD3d at 1028 [internal quotation marks omitted]; see Schwartz v Schwartz, 79 AD3d at 1010). As the appellant contests the reasonableness of the attorney's fees awarded, we remit the matter to the Surrogate's Court, Nassau County, for a hearing to determine the appropriate amount of attorney's fees and disbursements to be awarded to the petitioner (see generally East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 150 AD3d 683, 690; NYCTL 1998-1 Trust v Oneg Shabbos, Inc., 37 AD3d 789, 791).
The appellant's remaining contentions are not properly before this Court.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court